## DUDLEY J. SMITH v. FRANCIS KELLY.

*Money paid without consideration—Measurement of logs—Instructions to jury in absence of counsel.*

An action will lie against a party to recover back money paid him without consideration, even though he was an agent and had paid over the money to his principal, if the party dealing with him had no notice of the agency.

In an action based on a shortage of logs sold, it was shown that the measurement was to have been by the scale of a certain company in whose boom the logs were lying. *Held* proper to instruct the jury that the parties must be deemed to have contracted with reference to the scale by which the boom company's business was ordinarily conducted, which was sufficiently proved by the measurement which they had entered on their books and acted on, and the original tally need not be produced.

In an action involving the measurement of logs sold, the jury were charged that if the parties agreed that a certain scale should be followed unless the purchaser was notified to the contrary, that scale must govern; but if they did not so agree, and the vendor told the purchaser to notify him if he wanted the logs re-

scaled, and the purchaser said nothing, it would not be an assent. Afterwards the court sent for the jury and told them, in the absence of the vendor's counsel, that he did not mean to charge them that they could not find an assent from the purchaser's silence, and that they might draw their own inferences from the conduct of the parties. *Held* that the original charge would not have been erroneous unless the notice to the purchaser was given before the contract was closed and the logs paid for, and that the absence of the vendor's counsel did not prejudice him when the possible false impression was corrected.

Error to Saginaw. Submitted April 16. Decided April 28.

ASSUMPSIT. Defendant brings error.

*D. P. Foote* for plaintiff in error.

*Tarsney & Weadock* for defendant in error.

CAMPBELL, J. Kelly sued Smith to recover back the price paid for logs not delivered. He bought a lot of logs lying in the boom of the Tittabawassee Boom Company, estimated at 75 thousand feet, which were mixed up in a large lot, and which were to be delivered to him in another boom, to which they were taken in small parcels, and as he claimed ran short in quantity about 19 thousand feet. The number of logs held out, but not the measurement. The chief controversy was whether Kelly was to take the logs at a prior scale made by one Newton, or at the boom company's scale. There was also a claim by defendant that if he took at a re-scale it was to be by a scaler to be agreed on.

A question arose whether Smith, who was in fact an agent for another party, could be held for the money after he had paid it to his principal. It was found, however, by the jury, that Kelly knew nothing of the agency.

One principal controversy on the trial was concerning proof of the boom company's scale. It appeared to have been made somewhat more loosely than scales for other purposes. It was proved to have been done by the scaler giving his figures to a tally-boy, who reported them to a

clerk, who in turn handed them in to the office. The tally-boy was not produced, nor his original tallies. It appeared that Smith who was to pay the boomage settled by the books and paid on only the amount alleged by Kelly to have been all that he received.

The court held that if it was agreed between Kelly and Smith that the quantity should be determined by the boom company's scale, and as settled between the parties and the boom company, then that scale must govern; and they must be deemed to have contracted with reference to the manner in which the boom company ordinarily did business. This is complained of.

We think that it must be presumed from the form of this bill of exceptions that there was testimony tending to show just such an agreement, and especially so as no remark was made pointing out any want of correctness in this regard. But it is not denied there was testimony to show an agreement to abide by the boom scale, and we think this meant what the judge intimated, the scale by which their own business was conducted. In the multiplicity of work done by boom companies, it would be unreasonable to suppose it would always be practicable to show how every scale of every log or parcel of logs was made, and for such purposes the necessity of having different persons engaged in measuring, tallying and entering results would make it impossible for any one to know whether the rest made the true tallies or entries. The question here was not whether these entries were strictly correct, but what was the scale as determined by the company, and that, we think, must be the one which they entered on their books and acted on.

The collateral questions arising out of this method of proof were therefore not important. We do not think it was necessary to produce the tally-boy or his book. The fact that booming companies do not scale closely was no doubt considered in determining what was agreed on, but parties could accept it if they chose.

Upon the bargain itself there was evidence both ways.

Smith claimed among other things that Kelly agreed Newton's scale should govern unless he was notified to the contrary.

The court gave this charge, which is objected to. If they agreed that Newton's scale should be the scale unless he was notified, then that scale must govern, because that is the agreement between the parties. If there was no agreement to that effect, and Smith informed the plaintiff when he went away that if he desired to have the logs re-scaled he should notify him, and Mr. Kelly said nothing, it would not be an assent to that proposition.

After the jury retired the court sent for them and, in the absence of Smith and his counsel, told the jury he did not mean to instruct them they could not find an assent from Kelly's silence. That they might draw their own inferences from the conduct of the parties, and might find that the assent made a contract. It is claimed this instruction could not avail to cure the error, if given in the absence of the parties.

We think the charge as originally given was not erroneous. To make it so the notice to Kelly should have been given before the contract was closed and the logs paid for. They were paid for before Kelly left, and there was at best a controversy whether at that time the whole arrangement had been closed. But we think the absence of defendant's counsel did not operate to his prejudice when the possible false impression was corrected. As corrected there was nothing to complain of.

We think there is no error in the record, and the judgment should be affirmed with costs.

The other Justices concurred.