MADUNKEUNK DAM AND IMPROVEMENT COMPANY

*vs.*

E. F. ALLEN CLOTHING COMPANY.

Penobscot.    Opinion December 17, 1906.

*Logs and Lumber. Scale Bills. Surveyors. Assistant Surveyors. Stumpage Scale. Evidence. Contracts. Assignee of Permit. Stream Improvements. Tolls.*

The scale bill of a surveyor agreed upon between the parties in a logging or log-driving operation or similar transaction requiring a survey, is, in the absence of fraud, binding upon them, and the scale book is evidence of the scale.

When a surveyor agreed upon by the parties to scale logs employs an assistant to count and scale the logs under his direction, and the surveyor from time to time tests the scale made by his assistant, and the assistant has a book in which he keeps a daily record of the count and scale made by him

and put down by him from time to time in the book, and the book is turned over to the surveyor and retained by him and from it he makes up the final figures of the scale, such scale book though kept and made up by the assistant may be used by the surveyor to refresh his recollection of the scale and the testimony of the surveyor so given is competent evidence as to the quantity of logs cut or driven, and if not contradicted is conclusive.

When a dam and improvement company is authorized to collect tolls on logs driven over its dams at a rate "not exceeding fifteen cents per thousand feet stumpage scale," and such company and the owner of the logs driven over such dams did not expressly agree upon a surveyor or scaler to determine the quantity of logs driven over such dams, it must be deemed that there was an implied contract that they would be bound by a scale made in accordance with the method customarily adopted by surveyors or scalers and between landowners and operators and recognized as the stumpage scale.

When by its charter a dam and improvement company is given a lien for tolls on logs driven down a stream which such company is authorized to improve "for the purpose of facilitating the driving of logs and other lumber down the same," the party whose interest is directly affected by such lien must be considered liable for such tolls.

When a contract or permit for cutting, hauling or driving logs has been assigned, the assignee becomes a party in interest and his rights under the contract are subject to the conditions and burdens of the contract.

When a dam and improvement company authorized by its charter to collect tolls for logs and other lumber driven down a stream improved by it, undertakes to collect such tolls it is mainly a question of fact whether or not the improvements made by the company have facilitated the driving of logs. If the improvements are of little value, and there is no substantial compliance with the terms of its charter, such company cannot maintain an action for the collection of tolls. But if the improvements are substantial and facilitate the driving of logs, then they are sufficient to comply with the condition upon which toll may be demanded, although it might be possible for the owner or driver of the logs to drive the same at times without the aid of improvements.

On report.  Judgment for plaintiff.

Assumpsit on account annexed brought by the plaintiff, a corporation organized under the provisions of chapter 316 of the Private and Special Laws of 1903, against the defendant, also a corporation, to recover tolls on two million feet of poplar and spruce logs at fifteen cents per thousand feet.

Tried at the January term, 1906, of the Supreme Judicial Court, Penobscot County.  At the conclusion of the evidence the case was

"reported to the Law Court for determination upon so much of the evidence as is legally admissible."

The case appears in the opinion.

*W. B. Pierce and B. L. Fletcher,* for plaintiff.

*W. H. Powell and Martin & Cook,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J.   This was an action of assumpsit brought by the plaintiff, a corporation organized under the laws of Maine, against the defendant, also a Maine corporation, to recover on account annexed tolls on two million feet of poplar and spruce logs at fifteen cents per thousand feet, $300.

The case is before this court on report.   The organization of the plaintiff corporation under chapter 315 of the Private Laws, 1903, of Maine, and the rate of toll at fifteen cents per thousand is admitted.

The defense put in issue three material propositions necessary for the plaintiff to establish in order to entitle it to recover under the act of its incorporation:   1.   The quantity of logs which are the subject of the tolls must be proved by competent evidence.   The defendant contends that no admissible evidence was offered on this point.   By the act of incorporation the plaintiff was "authorized to erect and maintain dams, sluices, and side dams on the Madunkeunk stream in the County of Penobscot and its tributaries, to remove rocks therefrom and to widen, deepen and otherwise improve said stream and its tributaries for the purpose of facilitating the driving of logs and other lumber down the same."   Its charter conferred upon it also authority to demand and receive a toll upon all logs and other lumber which passed over or through its dams and other improvements, not to exceed fifteen cents per thousand feet, stumpage scale, or when such logs or other lumber have not been scaled for stumpage, by the scale rendered at the place of destination, and gave it a lien thereon to be enforced by attachment, to continue for ninety days after the logs and lumber arrived at their destination.   The logs specified in the writ were cut from land of O. S. Townsend and

J. M. Pierce, owners of fourteen-sixteenths, and Engel and McNulty owners of two-sixteenths. A stumpage scale was made for them by Joseph J. Porter, a scaler of lumber. The logs were hauled by E. W. Annis who landed most of them on the ice, leaving a few only on the bank of the Madunkeunk Stream. The scale was made there and Francis M. Burr the assistant of Porter, under his direction counted and scaled the logs, and Porter went there three different times and tested his scales. The assistant kept on shingles a record of the number of logs and the number of feet each log scaled for his superior to see, and he also had a book in which he kept his daily records where they were put down from time to time. Mr. Porter retained the book and from it he made up the final figures for his scale bills; he sent a scale bill so made to each of the landowners by whom he was employed to make the stumpage scale, and mailed one also to the treasurer of the F. E. Allen Clothing Company, E. F. Gellison, Bangor, at his request. The returns he made show 990,720 feet of logs, and 1,650 cords scaled by the cord, reckoned at two cords to the thousand feet, a total of 1,815,720 feet of lumber. The scaler testifies that he had been a scaler of lumber about eighteen years, and in scaling this lumber he followed the usual manner of himself and other scalers in scaling for stumpage.

The scale bill of a surveyor agreed upon between the parties in a logging, log-driving or similar transaction requiring a survey, is in the absence of fraud, binding upon them. *Haynes* v. *Hayward,* 41 Maine, 488; *Bailey* v. *Blanchard,* 62 Maine, 168; and the survey book is evidence of the scale. *Whitman* v. *Freeze,* 23 Maine, 212; *Fornette et al.* v. *Carmichael,* 41 Wis. 200.

The scale book though kept and made up by his assistant acting under his direction, inspected and retained by him, may be used by Mr. Porter to refresh his recollection of the stumpage scale, and his testimony so given is competent evidence as to the quantity of logs in question. If the plaintiff and the defendant did not expressly agree upon a scaler, as the act of incorporation bases the toll the corporation was authorized to collect on logs driven over its dams and improvements, on the stumpage scale, it must be deemed that there

was an implied contract that they should be bound by a scale made in accordance with the method customarily adopted by scalers and between landowners and operators and recognized as the stumpage scale. *Smith* v. *Kelley,* 43 Mich. 390; *Peterson* v. *Anderson,* 44 Mich. 441. The scale proved by the uncontradicted testimony of the surveyor must be regarded as proving the amount of toll to be paid by the defendant if otherwise liable.

2. That the defendant was liable as the party in interest to pay the tolls on the logs. The defendant contends that Edward W. Annis should have been made the party defendant. As the charter gave the plaintiff a lien on logs, the party whose interest would be directly affected by such a lien must be considered liable for the tolls. The evidence shows that a contract for the stumpage of pine, fir, spruce and cedar logs was made with the landowners and Edward W. Annis, on the fifth day of September, 1904, which was to be fulfilled on the part of Annis on or before the first day of June, 1905; the logs were "all to be landed in a suitable place and manner for scaling, so as to be easily counted and scaled by the scaler, who shall be appointed by the parties of the first part, and whose scales shall be final and binding between the parties hereto." Another contract for the sale and delivery of poplar logs was made on the fourth day of May, 1904, between Edward W. Annis and the Penobscot Mechanical Fiber Company; the logs were to be delivered by Annis during the rafting season of 1905, and were to be measured by some competent surveyor, when so delivered, to be appointed and paid by the company. Both these contracts were assigned to the defendant, the first October 1, 1904, and the second August 18, 1904. Whatever may have been the purpose of these assignments, the defendant, became in fact the party in interest, and its rights under the contracts are subject to their conditions and burdens. In the nature of the case and by the obligations the assignee assumed, it was necessary to float the logs down the Madunkeunk Stream; and as it received the benefit of the facilities furnished by the plaintiff for floating the logs it should be held liable for the tolls, as well as for other bills for driving the logs which it paid. *Johnson* v. *Cranage,* 45 Mich. 14; *Bohanan* v. *Pope,* 42 Maine, 93. The evidence direct and circum-

stantial shows that this was the understanding of the defendant's managers. The treasurer requested the scale bill, directed the logging operations, furnished teams for hauling the logs in question, and communicated with the plaintiff in reference to the payment of the tolls, from which it clearly appeared that it did not deny that the defendant was the party in interest, but questioned the right of the plaintiff to receive toll on the logs.

This brings the discussion of the case to the remaining ground of defense.

3. That the improvements made by the plaintiff facilitated the driving of logs. This is mainly a question of fact to be determined by the nature and extent of the improvements. The only question of law involved has relation to the degree of perfection in the improvements necessary to give the plaintiff the right to exercise the franchise and to claim its benefits. If the improvements were of little value, there being no compliance with its charter, the plaintiff cannot maintain the action. *Improvement Co.* v. *Brown,* 77 Maine, 41 ; but if they were substantial and facilitated the driving of logs, although it might have been possible for the owner or driver to float the logs at times without the aid of the improvements, they were sufficient to comply with the condition upon which toll may be demanded. *Genesee Park Improvement Co.* v. *Ives,* 144 Pa. 114 ; 13 L. R. A. 427. There is testimony somewhat negative in character which tends to show that there was little improvement in the facilities for floating logs down the Madunkeunk Stream and its tributaries, by any work done by the plaintiff; but there is clearly a preponderance of the evidence proving that important improvements had been made by the plaintiff, in the removal of rocks, widening and deepening the stream, improving and erecting dams and constructing and maintaining piers and dams, before the logs in question were floated down the stream. Accordingly we find that the plaintiff has sustained the burden of proof upon these propositions by competent evidence.

> *Judgment for plaintiff for $272.36 and interest from the date of the writ.*