## THE PEOPLE v. GEORGE LaMUNION.

*Criminal law—Larceny—Evidence—Possession of stolen property—Bill of exceptions—Reading portion of charge to jury in absence of respondent.*

|  |  |
|---|---|
| 64 | 709 |
| f125 | 541 |

1. Where, on the trial of a respondent for the larceny of a yoke of oxen, after the owner had testified to the time he missed them, and to finding them some months afterwards in *another* county in the possession of an innocent purchaser, witnesses were allowed to testify to seeing respondent with the cattle in the last-named county soon after they were missed by the owner,—

    *Held*, that a motion to strike out this last testimony on the ground that no sufficient testimony had been given to warrant a verdict for the alleged larceny was properly denied.[1]

2. Where the bill of exceptions in a criminal case only purports to state what the testimony of certain witnesses tended to prove, it is impossible for the appellate court to say error was committed in refusing to strike such testimony from the case as incompetent and immaterial.

3. Where during the recess of the court, after a jury had retired in a criminal case, and in the absence of the respondent and his counsel, he being on bail, the jury, at their request, were brought into court, and a paragraph of the charge read to them, but no further instructions given,—

    *Held*, that an exception to their verdict on this ground was not well taken.

Exceptions before judgment from Newaygo. (Fuller, J.) Argued January 27, 1887. Decided February 3, 1887.

Information for larceny. Respondent was convicted. Affirmed, and the circuit court advised to proceed to judgment. The facts are stated in the opinion.

*W. D. Fuller*, for respondent.

---

[1] The testimony disclosed that the cattle were turned out by the owner in the forenoon to run at large, and were not missed until the next morning, and the only testimony connecting respondent with them was that of the Muskegon witnesses referred to in the opinion, at the time the motion was made, Train and Baker being discovered afterwards.

*Moses Taggart,* Attorney General, for the People.

SHERWOOD, J.   The respondent was convicted, in the Newaygo circuit, at the last September term, of the larceny of a yoke of oxen of the value of $100.   The case comes before us for review on exceptions before judgment.

The record contains a bill of exceptions not including all the testimony, and from which it appears that the cattle stolen belonged to George Mowatt, a farmer, who lived at the time in the township of Croton, in Newaygo county; that the cattle were last seen by the owner on the twenty-fifth day of August, 1885, at about 2 o'clock in the afternoon; that he missed them the next morning about 9 o'clock; that he did not find them until the next January, when he discovered them at Ravenna, many miles distant, in the county of Muskegon, in the possession of one Patterson; that the respondent lived in the township of Brooks, adjoining Croton, when the cattle were stolen, and but a few miles from Mowatt.

The record also states that the people introduced witnesses from Muskegon, who gave testimony tending to show that on the twenty-eighth day of August, 1885, the respondent was seen in the city of Muskegon in possession of the stolen oxen, and was offering them for sale, and finally did sell them to a cattle dealer, who afterwards sold them to said Patterson, in whose possession Mr. Mowatt found them in January, 1886, at Ravenna.

At this stage of the case, counsel for respondent moved to strike out the testimony given by the Muskegon witnesses, on the ground that it was incompetent and immaterial; that no sufficient testimony had been given to warrant a verdict of larceny of the cattle.   The court overruled the motion, and this ruling is made the basis for respondent's first and second assignments of error.   We think these exceptions were not well taken.   The people had not yet concluded their testimony in the case, and the testimony offered was competent to

go to the jury. Besides, the testimony given by the Muskegon witnesses is not stated in the record, but only what it tended to show in the opinion of the circuit judge. Under such circumstances, it is impossible for this Court to say error was committed in allowing the case to proceed. Error, to avail, must be made to appear upon the record, and not left in doubt.

Two additional witnesses, John Train and E. R. Baker, were sworn and examined on the part of the people, and who were acquainted with the respondent, and gave testimony tending to show that they met the respondent in the township of Ashland, in Newaygo county, driving a pair of cattle, which, according to their best judgment, were those stolen, and respondent was offering them for sale. The exact date of the meeting witnesses were unable to state, but, as given by Train, was "two weeks before the seventeenth day of September, 1885, during the middle of the week," at about 8 o'clock in the morning. Witness Baker's testimony was to the effect that he was with Train at the time the cattle were seen in possession of the respondent, and heard him offer them for sale; and he gave some testimony tending to identify one of the oxen. Said he could not give the date of the occasion, but thought it was in September, and about six weeks after the twenty-eighth of July, 1885.

Respondent's counsel here objected to the "testimony of the witnesses Train and Baker as incompetent and immaterial, and having no tendency to prove the charge made against the respondent, no larceny, in fact, of said cattle having been proven by the people, and because the testimony of other witnesses, who claim to have seen respondent with the cattle in the city of Muskegon, fixes the date as August 28, 1885, and the witnesses Train and Baker fix the date when it is claimed they saw respondent with the cattle in Newaygo county, at a time subsequent to said twenty-eighth day of August, 1885; and the people have made time material in

this case, the defense being an *alibi;*" and further moved to strike said testimony of Train and Baker from the record, for the reasons aforesaid, which objections and motion were overruled by the court.

We see no error in this ruling. The circumstances stated by these witnesses were proper to go before the jury. If the occasion referred to by them was before the cattle were sold in Muskegon, the testimony was very important; and the court instructed the jury in the charge, unless they found such to be the fact, they could not consider the testimony. With this instruction, no harm could well come from the testimony.

The case, upon the testimony and circumstances, was one proper for the consideration of the jury, and the court committed no error in allowing them to pass upon it.

The court charged the jury upon the subject of time, referred to by the witnesses, as follows :

"Now, there has been testimony given tending to show that two men saw the respondent in possession of these oxen in this [Newaygo] county, and they tell you about when. One of them says that it was on or near—uses the word 'near '— two weeks before the seventeenth day of September, in that year. If it was just two weeks before the seventeenth day of September, that would make it, as a matter of course, the third day of September. If that was the date they were seen, absolutely, then it would be after the twenty-eighth day of August, and the testimony ought not to be considered. If it was, however, prior to the twenty-eighth day of August,—if, instead of saying 'two weeks,' he should say 'three,' which would make it about the time, the twenty-eighth of August,—then the testimony would be material, and ought to be considered. I say 'at or near.' He says it was on or near two weeks. On the other hand, the other witness states that it was about six weeks after the twenty-eighth of July. If it was six weeks after the twenty-eighth of July, it would fetch it up to the seventh or eighth of September. If you should find, instead of being six weeks, it was four or thereabouts, and you can figure it, you will take that into consideration."

These instructions were excepted to because it is claimed the court gave a construction to the testimony of Train and Baker which was misleading; and counsel for respondent further claimed that the court erred in allowing the jury to consider their testimony for the purpose of fixing the date when those witnesses claimed to have seen the cattle.

We do not think the charge subject to the criticism made by respondent's counsel, of giving construction to the people's testimony. In this same connection the court said to the jury, referring to the testimony of Train and Baker:

"The fact which the court is going to allow you to consider, is the time that these men saw this, if they did see the cattle in the possession of the respondent, in this county; and you must gather from the testimony they gave, in connection with all other circumstances, what time you shall set, —what time has been proven. It will not be for you to guess, as a matter of course, upon so important a fact. You must have some ground to base your belief upon; you must find these facts beyond a reasonable doubt."

Under this charge, it is difficult to see how the jury could be misled. It is clear, and states the law correctly. The testimony not all appearing in the record, it is impossible for us to say what all the circumstances bearing upon the question of the date of the interview referred to were; but the court and jury had them all at the circuit, and the record discloses no misapplication of the law.

The respondent at the trial was on bail. After the jury retired for deliberation, the respondent and his counsel and the prosecuting attorney left the court-room, and the circuit judge went out for lunch. On his return to the bench, the jury returned into court, when the following proceedings were had, in the absence of the respondent and his counsel and the prosecuting attorney:

"*A Juror.* We want to know whether we have the right to pronounce the man guilty or not without—if we cannot connect the number of days between the seventeenth and

twenty-eighth with the two-weeks statement, on what those two men claimed, on the state road—Train and Baker.

"*The Court.* If there are any further instructions to be given, I would have to call the respondent and the attorneys into court.

"*A Juror.* All that they want to know, in my estimation, is whether—They think that these men, from the time, the twenty-fifth, that they saw him, between that time and the twenty-eighth—They have all come to the conclusion—

"*The Court* (*interrupting*). Don't tell what conclusion you have arrived at. If you want to hear anything read,—any of the charge of the court read,—you can call for such parts as you want. If any new instructions are given, we will have to call the respondent and the prosecutor.

"*A Juror.* The question we differ on is this: We understood you to charge us that *if we could not, without a reasonable doubt, fix the time* between the time that the oxen were taken from Croton and the time they saw them down here on the State road,—Train and Baker,—then we could not convict him. We have made up our minds that they was all liable to a mistake.

"*The Court.* Don't tell what conclusion you have arrived at."

The stenographer here read that portion of the charge reading as follows, as directed by the court:

"Another request, that there is no testimony except that of Train and Baker in relation to the possession of these oxen in this county. That is a fact. There is no other testimony. No other witness mentions the fact. You must depend upon their testimony alone as to any possession in this county, because there is no other. You might find that this respondent had possession of these oxen in the county of Muskegon. If there was nothing to connect him with the possession of the same in this county, he might be guilty of larceny in the county of Muskegon, but not in this county, because he must be shown to have been in the possession of the property in the county of Newaygo at some time, as the court has before remarked, prior to the twenty-eighth of August, or upon that day, in order to be guilty of the larceny. The venue or place is laid in this county, and not the county of Muskegon."

"*The Court.* Take what was said by the court; and, if you

are able to come to a conclusion by the charge that was made, that is all right. If you desire further instructions, we shall have to send for the respondent and the prosecuting attorney."

Counsel for respondent excepts to the foregoing action by the court, in the absence of the respondent and his counsel. The jury had a right to be brought before the court, at any time they desired. No new instruction was given to them, and only a single paragraph of the charge they had already received from the court was read over to them; and it will be noticed that this paragraph was decidedly in favor of the respondent. Further than this the court told them he could not go without the presence of the respondent and his counsel. No further instructions being called for, the jury again retired, and, after further deliberation, returned a verdict of guilty. We are unable to see in what manner the respondent could have been prejudiced by these proceedings. The court kept clearly within the rule which should govern in such cases, and the exception was not well taken. *Smith v. Kelly,* 43 Mich. 393; *Pray v. Cadwell,* 50 Id. 222; *Woodruff v. King,* 47 Wis. 261 (2 N. W. Rep. 452); *Com. v. Snelling,* 15 Pick. 333.

We find no error in the rulings or charge of the court, and the circuit court is advised to proceed to judgment in the case.

The other Justices concurred.