[Crim. No. 813.   In Bank.—October 30, 1902.]

## THE PEOPLE, Respondent, v. JOSEPH FITZGERALD, Appellant.

CRIMINAL LAW—ARSON—TRIAL—INSPECTION OF PREMISES BY JURY—WAIVER OF OBJECTIONS—APPEAL.—Upon the trial of a defendant charged with arson, where the court ordered an inspection by the jury of the burned premises without objection by the defendant, and the counsel agreed in court that the jury might inspect the entire premises, and each party pointed out all the scenes and objects desired, and it was agreed after the return of the jury that the purposes of the motion had been accomplished to the satisfaction of both sides, objections to irregularities in the proceedings are waived; and it cannot be objected on appeal for the first time that there was irregularity in the mode of pointing out objects by the officer in charge of the jury, to which no objection was urged in the court below.

ID.—EVIDENCE—BOTTLE OF ALCOHOL.—The testimony of a witness is admissible to prove that a bottle containing alcohol was found the morning after the fire near the place where the fire occurred, and the bottle is admissible in evidence, where the witness testified to the knowledge of alcohol by its color and smell, and that the bottle contained alcohol.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William P. Lawlor, Judge.

The facts are stated in the opinion.

Lennon & Hawkins, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and L. F. Byington, District Attorney, for Respondent.

COOPER, C.—Defendant appeals from a judgment convicting him of the crime of arson and from an order denying his motion for a new trial. No claim is made that the evidence is insufficient to sustain the verdict, nor is any fault found with the instructions given to the jury. Defendant's main contention is, that the jury received evidence out of court other than that resulting from a view of the premises. This contention is based upon the following proceedings: It had appeared, during the trial, that the fire occurred in the rear of Nos. 256 and 258 O'Farrell Street, in the city and county of San Francisco. The court, on motion of the prosecuting attorney, and without objection on the part of defendant, made an order directing the jury to inspect the premises where the crime was alleged to have occurred. The order directed that the jury be conveyed to the premises, and that they be accompanied by the judge of the court, the clerk, the official reporter, the defendant, the counsel for defendant, the counsel for the people, and an officer directed to point out the objects and scenes, two deputy sheriffs, one in charge of defendant and one in charge of the jury. The court charged the jury that during their absence they should not converse among themselves, nor permit any one else to converse with them or in their presence or hearing, on any subject connected with the trial; that they were to remain mute, and carefully observe the scenes and objects that might be pointed out to them; that the purpose of the order was to enable the jury to understand the testimony, and for no other purpose; that nothing which they might see while away was to be regarded as evidence. The court did not specify and designate in the order the particular objects or places to be pointed out, but counsel agreed, in court, that the jury might inspect the entire premises, including anything they desired to look at in connection with the particular scenes.

Thereupon the persons designated in the order, with the judge of the court, the defendant and his counsel, proceeded to the premises, and in the presence and hearing of defendant and his counsel, the person designated by the judge pointed

out various places and localities, with explanatory remarks,. as follows: "This is said to be the alley going into the rear [showing]; these the steps leading up to one portion of it. This is said to be the room where the defendant used to room [showing]; this is said to be the room where another person roomed [pointing]."

The officer proceeded in similar language to point out various objects and places, among which were the yard, vacant lot, basement, or woodshed, safe where Mrs. Jansen kept her victuals, the window where Mrs. Jansen said she looked through, and several others. All parties then returned to the courtroom, and the following took place in open court:—

"*The Court.*—Were all the scenes and objects pointed out that either side desired?

"*Attorney for Prosecution.*—All so far as we are concerned.

"*Attorney for Defendant.*—All so far as we are concerned.

"*The Court.*—The purposes of the motion have been accomplished to the satisfaction of both sides?

"*Attorney for Prosecution.*—Yes, sir.

"*Attorney for Defendant.*—Yes, sir."

The trial then proceeded. No objection, no exception, nor even a suggestion of one, was made by the defendant during any of the proceedings, while so inspecting the premises, from the time the matter was suggested till the return to the courtroom. Defendant then in open court assented to all that had been done. The authority of the court to allow the jury to view the place where the offense is charged to have been committed is expressly given in the Penal Code (sec. 1119), and the practice has been affirmed as correct by this court in *People* v. *Bush,* 71 Cal. 602, and *People* v. *Milner,* 122 Cal. 185. In fact, it is not contended here that the order was improper, but it is claimed, in the face of the proceedings, and in the absence of an exception, that the officer said some things as to places that were not justified by the evidence in the record, and that the effect of such statements was the receiving of evidence out of court. A sample of the contention, and the one first argued, is the following from defendant's brief:—

"Thus Towle's [the officer] statement, 'that this is the room where Mr. Beach was asleep at the time of the fire,' is so far as the record shows without foundation. Up to this time,

Mrs. Beach had not been called as a witness in the case, and when she did go upon the witness-stand she said: 'When he [the defendant] knocked on the door I was in bed, but not asleep. I heard him knock' . . . At this time Mr. Beach was asleep, but she does not say here, nor does it appear anywhere else in the record, that Mr. Beach was asleep 'at the time of the fire' or in any particular room.''

When we look at the record we find that the officer did not say, as stated in the brief, ''This is the room where Mr. Beach was asleep at the time of the fire.'' But what he did say is, ''This is said to be the bedroom where Mr. Beach was asleep at the time of the fire.'' Again, when we look at Mrs. Beach's testimony in the record we find that she said: ''My husband's name is August Beach, and he occupied the building with me in which the fire took place, . . . and me and my husband we had been in bed. . . . I said, 'Who is there?' Mr. Fitzgerald said, 'That is me.' At this time Mr. Beach was asleep. . . . All at once I smelt a funny smell and I heard some noise, so I woke my husband up, it smelt so funny. . . . It was the noise of fire, a crackling noise.''

It is not necessary to further discuss this record, as to whether or not the officer said anything that was testimony while pointing out the various places. The above is a sample, and is the first illustration given by defendant's counsel. As defendant has not quoted the words of the officer correctly, nor the record in full, we do not deem it incumbent upon us to go through the other illustrations of his argument to discover if they were correct.

But we have carefully examined this record, and we do not think anything said by the officer was of such character as to be called evidence, other than that allowed by the code authorizing the order. He always, when pointing out objects, accompanied his statements by ''This is said to be.'' If the evidence did not show that each particular place and object was ''said to be'' such as described, it was at most an irregularity which defendant waived, by not objecting to it, when he first had the opportunity to do so.

It was said by this court in *People* v. *Rolfe,* 61 Cal. 542: ''A party is not permitted to remain silent when evidence is offered, with the privilege of accepting it if favorable and afterwards moving to strike it out if it is against him, but he

must exercise his right of objection at a proper and reasonable time.''

In this case defendant did not even ask the court below to strike out anything said by the officer.

In *People* v. *Tarm Poi*, 86 Cal. 225, the defendant consented that the jury be permitted to view the premises, and that one of the jurors might pass over the roofs of certain buildings. The defendant, on appeal here, claimed that the juror being allowed to view the roofs and separate from the other jurors was misconduct, for which a new trial should be granted. This court held that, as it was done by defendant's consent, he could not here be heard to complain. In the opinion it is said: ''Where a party requests that there be such a viewing he should not be heard afterwards to object, unless he can show that, without his consent or knowledge, there has been some misconduct in the proceeding which has caused him substantial injury. He should not be allowed to use it voluntarily as a means of entrapping the opposite party into mere abstract errors. . . . We do not think the question of a defendant's power to waive a constitutional right is involved. The thing complained of here is, at worst, only an irregularity, which should have been objected to when the opportunity was offered.''

So in this case we cannot allow defendant to consent to a general order to view the entire premises and stand mute while the officer is pointing out various objects, and consent to it all when the jury returns to court, and now for the first time claim that something was possibly said outside the record. It would shock one's sense of justice and fair practice to allow such thing. The learned judge of the court below appears to have dealt fairly with defendant and guarded all his rights. It was due to the judge that he should be dealt with fairly by defendant.

The constitution gives to a defendant a right to a speedy trial, and the Penal Code expressly provides that the court must order the prosecution dismissed, unless good cause to the contrary be shown, where a defendant is not brought to trial within sixty days after the finding of the indictment or filing of the information; yet where defendant was brought to trial and the jury were impaneled and sworn without previous objection that the sixty days had expired, it was held

that he waived his right of dismissal. (*People* v. *Hawkins,* 127 Cal. 374.)

In *Shular* v. *State,* 105 Ind. 289,[1] the court, on motion of defendant, sent the jury to view the premises where the crime was committed. Defendant did not accompany the jury, and claimed on appeal that evidence was received in his absence. It was held that as defendant made no request to accompany the jury he waived his right. In the case many American authorities are collected and quoted.

In *State* v. *Sasse,* 72 Wis. 4, it was held, in a case where the jury were ordered to view the premises, that defendant waived his right to be present. And the same ruling was made in *Blythe* v. *State,* 47 Ohio St. 234; *State v. Congdon,* 14 R. I. 462; *State* v. *Buzzell,* 59 N. H. 70; *State* v. *Ah Lee,* 8 Or. 214.

It has been held, in conformity with the above decisions, by this court that defendant may waive his right to a public trial (*People* v. *Tarbox,* 115 Cal. 57), or to be confronted with the witnesses. (*People* v. *Bird,* 132 Cal. 262.)

There was no error in the admission of the evidence of the witness Jansen as to the contents of a bottle found the morning after the fire on the floor under the woodshed near the place where the fire occurred, nor in admitting the bottle in evidence. The witness testified that she knew alcohol by its color and smell and that the bottle contained alcohol.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

> McFarland, J.,   Henshaw, J.,   Garoutte, J.,
> Harrison, J.,    Van Dyke, J.

---

[1] 55 Am. Rep. 211.