[Crim. No. 966.   Department One.—July 9, 1903.]

## THE PEOPLE, Respondent, v. GEORGE EDWARDS MATHEWS, Appellant.

CRIMINAL LAW—RAPE—GIRL UNDER AGE OF CONSENT—GIFT OF MONEY OR PRESENTS—EVIDENCE—CROSS-EXAMINATION.—Upon the trial of a defendant accused of the crime of rape upon the person of a girl under the age of consent, the question whether money or presents were given to the prosecutrix or not is immaterial, and cannot tend to prove the defendant's innocence. Where no questions were asked of the prosecutrix on that subject in chief, it was proper to exclude any questions concerning such gifts on cross-examination.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—REMARKS CHECKED BY COURT —INSTRUCTIONS—COMMENT UPON TESTIMONY.—Where remarks of the district attorney objected to were checked by the court, and the court instructed the jury to disregard them, error in such remarks was thereby cured. It was not error for the district attorney to call the attention of the jury to the fact that the statements of certain witnesses for the prosecution were undenied.

ID.—VIEW OF PREMISES—REQUEST OF DEFENDANT—ABSENCE—NEW TRIAL.—Where a view of the premises where the alleged rape was claimed to have been committed was ordered on motion of the defendant, and the defendant, having been ordered to go, voluntarily remained absent for the expressed reason that he was familiar with the premises, the fact of his absence cannot be complained of after verdict for the first time, as ground for new trial. The defendant cannot thus take advantage of his own wrong.

ID.—EVIDENCE—PREVIOUS ACTS OF SEXUAL INTERCOURSE.—Previous and subsequent acts of sexual intercourse and improper familiarity between the defendant and the prosecutrix were admissible as tending to show the disposition of the defendant, and to render probable the fact of the sexual intercourse complained of in the information.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

S. J. Hinds, and W. D. Tupper, for Appellant.

U. S. Webb, Attorney-General, and E. B. Power, Deputy Attorney-General, for Respondent.

VAN.DYKE, J.—Defendant was convicted of the crime of rape, charged with having been committed upon the person of a girl under the age of consent. A motion for a new trial was made and denied. An appeal is taken from the order denying the defendant's motion for a new trial and from the final judgment.

1. The first alleged error assigned by the appellant is, that the court should have allowed certain questions in cross-examination, as to whether the defendant had not given the prosecutrix money or presents, and whether the prosecutrix had not requested the defendant to give her money. Nothing of this nature was asked on the direct examination of the prosecutrix, and therefore the questions objected to and ruled out were not in the line of cross-examination. Besides, they were quite immaterial. Whether money or presents were given or not would not tend to prove the defendant's innocence.

2. Certain remarks of counsel for the prosecution are also assigned as error; but the court immediately checked the prosecuting attorney, and instructed the jury to disregard the remarks complained of. Under such circumstances it has been held that such error in use of language was thus cured. (*People* v. *Kamaunu,* 110 Cal. 609; *People* v. *Mayes,* 113 Cal. 618; *People* v. *Ward,* 134 Cal. 301.) It was not error in the district attorney calling the jury's attention to the fact that the statements of certain witnesses for the prosecution were undenied. No reference, however, was made to the failure of the defendant to testify in his own behalf.

3. The chief point relied upon by the defense for a reversal is, that the defendant was not present in person at the time the jury were taken to view the premises. The record containing the minutes of the court in reference to the matter states that after the plaintiff had rested, "Counsel for defendant now moves the court that the jury, and all the officers, go now and view the stables of defendant for the purpose stated by said counsel, and the district attorney does not resist said motion other than that said visit be made at night; and after argument by respective counsel, the court directs that the jury and all the officers and the defendant go now. Whereupon the court, including all officers and persons above

enumerated, proceeded to go to the place indicated, and afterwards returned to the courtroom, and the trial is resumed."

It appears from defendant's own affidavit that he was present in court and heard his counsel's application to view the premises, but claims not to have heard the order requiring his presence, and further states that he was not told by his attorneys to be present. But he left the courtroom with the others and accompanied them to the foot of the stairs, and assigns as a reason why he did not go that he knew the premises himself very well and did not think there was any necessity for him to be present. Defendant's attorneys, it seemed, were aware of his absence, but did not call the attention of the judge to the fact at the time, but after the verdict and upon motion for a new trial the point is made, and it is urged on this appeal. In the cases cited by appellant in support of his contention, the order for a view of the premises was made upon the application of the prosecution, and not, as in this case, at the instance of the defendant. In *People* v. *Tarm Poi,* 86 Cal. 231, the court say: "When a party requests that there be such a viewing, he should not be heard afterwards to object, unless he can show that, without his consent or knowledge, there has been some misconduct in the proceeding which has caused him substantial injury. He should not be allowed to use it voluntarily as a means of entrapping the opposite party into mere abstract errors." In *State* v. *Reed,* 3 Idaho, 754, the court, in a case like this, say: "Where the view is had on motion of the defendant, and the record does not disclose that anything improper or prejudicial to the defendant took place during the view, no error had been committed that would justify a reversal; that it was incumbent upon the defendant to make any desire that he had to be present at the view manifest to the court, and by his failure to do so, he clearly waived any right, constitutional or otherwise, he might have had to be present." And in *State* v. *Hartley,* 22 Nev. 358, the court say: "That whatever the nature of the rights of the defendant may be in such case, and from whatever source such rights may be derived, he may and does waive the same when the action of the court is taken and the view made on his request and without suggestion that he desires to be

CXXXIX. Cal.—34

present at the view; and that in such case it is too late to complain after verdict.''

But if viewing the premises is in the nature of the production of evidence, as contended by appellant, still it has been held that the defendant may waive his constitutional right of being confronted by the witnesses testifying in a case. (*People v. Bird*, 132 Cal. 264.) Here the defendant asked to have the jury view the premises, and gave as a reason why he did not attend with them, that he was well acquainted with said premises. He was out on bail, and at liberty to accompany the jury if he chose to do so, but it seems that after reaching the sidewalk he voluntarily separated himself from the others accompanying the jury and occupied his time in conversing with his witnesses. Defendant's counsel were aware of the fact that he did not accompany the jury, and one of them states in his affidavit that he called the attention of the reporter to the fact. But neither of his counsel notified the judge, nor did they inform the defendant that it was necessary for him to be present; but after the verdict they, for the first time, presented the objection of his absence while the jury were viewing the premises.

It would be under such circumstances a dangerous rule to hold that the mere absence of the defendant of his own accord for a few minutes, perhaps, during the examination of the premises by the jury, would constitute such error as to require the granting of a new trial. Such a rule would offer an opportunity to a defendant out on bail, in every case, by some contrivance, to absent himself for a few moments, and after a verdict against him, for the first time have such fact presented as a ground for granting a new trial. It would be in fact allowing the defendant to take advantage of his own wrong and misconduct, which is violative of one of the maxims of the law.

4. It is claimed that the court erred in instructing the jury as follows: ''You are further instructed that evidence of previous act of sexual intercourse between the defendant and the prosecutrix, and of improper familiarity on the part of the defendant towards and with the prosecutrix, both before and after the time charged in the information, is received and admitted in evidence to prove the adulterous disposition of

the defendant herein, and as having a tendency to render it more probable that the act of sexual intercourse charged in the information was committed on the twenty-third day of February, 1902, and for no other purpose.'' In a case like this it has been held not to be error to admit evidence of previous acts of sexual intercourse between the parties for the purpose of showing the disposition of the defendant. (*People* v. *Williams,* 133 Cal. 168; *People* v. *Manahan,* 32 Cal. 68.)

5. Under the circumstances, we cannot say that it was an abuse of discretion on the part of the court below to refuse defendant's motion for a continuance, nor in refusing to allow the clerk and trial judge to be sworn and testify in reference to the entry of the minute order in question.

Judgment and order appealed from affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.