[Crim. No. 391. First Appellate District.—October 18, 1912.]

## THE PEOPLE, Respondent, v. JOHN WHITE, Appellant.

CRIMINAL LAW—MURDER—INSTRUCTIONS—LAW OF SELF-DEFENSE—TEST OF CORRECTNESS OF INSTRUCTIONS.—Upon the trial of the defendant upon a charge of murder, it is held that an objection to instructions of the trial court upon the law of self-defense is hypercritical; but even if it were not so, the correctness as a whole of the charge to the jury, is never to be tested by singling out and assailing individual instructions, which when detached and isolated from the charge in its entirety, may not contain every qualification, exception, or contingency which may possibly arise under the facts of the particular case on trial.

ID.—PROVINCE OF TRIAL COURT AS TO INSTRUCTIONS.—The trial court is not required repeatedly to qualify and explain the essentials of the law applicable to the case in every individual instruction of its charge to the jury, and its charge will ordinarily be held good and sufficient, if the same as a whole clearly, correctly, and without conflict, states the law of the case.

ID.—VIEW BY JURY OF PLACE OF HOMICIDE—RECEPTION OF EVIDENCE— RIGHT OF DEFENDANT TO BE PRESENT—SWORN DUTY OF TRIAL JUDGE— WAIVER OF OBJECTION.—Though the defendant prosecuted for murder has a statutory right to be present at the reception of all evidence, including a view of the premises, where the homicide was committed, in which the jury are receiving evidence, of which he cannot be deprived, without his consent; and though it is the sworn duty of the trial judge to be present at the reception of all evidence by the jury; yet the defendant may waive all objections both to his own right to be present, at such view, and to his voluntary absence therefrom, and also to the sworn duty of the trial court to be present at such view and to the court's absence therefrom.

ID.—FACTS SHOWING DEFENDANT'S WAIVER OF OBJECTION TO VIEW— REQUEST BY DEFENDANT FOR VIEW—VOLUNTARY ABSENCE—PRESENCE OF DEFENDANT'S COUNSEL WITH JUDGE.—Where the defendant requested that the jury be permitted to view the place of the homicide, in charge of a deputy sheriff and of a detective, but failed to request the presence of the judge, and defendant was voluntarily absent from the view, and his counsel remained with the judge in the court room, until the return of the jury, and no objection was made, before or after the view, either to the defendant's absence therefrom, or that the judge owed a duty to be present at the view, it is held that under these circumstances, the defendant waived both his own right to be present at the view, and also the trial judge's duty to be present thereat.

ID.—POWER OF DEFENDANT TO WAIVE DUTY OF JUDGE TO BE PRESENT AT THE VIEW—DANGER OF INJUSTICE TO DEFENDANT—DUTY SHOULD BE PERFORMED.—Though the authorities sustain the power of the defendant to waive the judge's duty to be present at the view, yet there is danger of injustice to the defendant by the omission of that duty, even with the defendant's consent, which if it manifestly occurred, would necessitate a reversal of the judgment. The court should always perform its duty to be present at the view.

ID.—ABSENCE OF INJUSTICE IN PRESENT CASE—DEFENDANT NOT INJURED BY VIEW.—It is held that, in the present case, nothing occurred during the view of the premises, which in any wise tended to injure the defendant, and that a reading of the whole record discloses that he was fairly tried and justly convicted.

APPEAL from the judgment of the Superior Court of Santa Clara County and from an order denying a new trial. John E. Richards, Judge.

The facts are stated in the opinion of the court.

Charles M. Shortridge, and James P. Sex, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, for Respondent.

LENNON, P. J.—The defendant in this case was informed against for the crime of murder. Upon his trial he was found guilty of murder in the first degree, and his punishment was fixed by the jury at imprisonment in the state prison for life. Judgment was rendered and entered accordingly, from which and an order denying a new trial defendant has appealed.

No claim is made that the verdict and judgment are not supported by the evidence. The evidence, on the contrary, shows the defendant to have been justly convicted, and therefore the verdict and judgment must stand unless it shall affirmatively appear from the record before us that the defendant was substantially damaged in his defense by some error or irregularity committed upon the trial in the lower court.

The only points relied upon for a reversal involve the correctness of isolated portions of the trial court's charge to the jury, and the failure of the trial judge and the defendant to accompany the jury upon an inspection of the premises on which it was claimed the homicide was committed.

The attack made upon certain of the instructions of the trial court upon the law of self-defense is hypercritical, but even if that were not so, the correctness as a whole of the charge to the jury is never to be tested by singling out and assailing, as is done here, individual instructions which, when detached and isolated from the charge in its entirety, may not contain every qualification, exception, or contingency which may possibly arise under the facts of the particular case on trial. The trial court is not required to repeat, qualify, and explain the essentials of the law applicable to the facts of the case in every individual instruction of its charge to the jury; and that charge will ordinarily be held good and sufficient if, as in the present case, it as a whole clearly, correctly, and without conflict states the law of the case.

With reference to the jury's view of the premises, the record shows that after the argument of the case was concluded in the lower court counsel for defendant requested that the jury be permitted and directed to visit and view the scene of the crime, in order that they might have a more accurate understanding of the distances designated and delineated upon a map or diagram of the premises which was used in evidence during the trial. The district attorney protested against this procedure upon the ground that it was irregular in this, that its effect would be the introduction of evidence upon the issues involved after the argument of the case to the jury had been completed. The trial court nevertheless granted the request, and thereupon ordered that the jury be conducted in a body in the custody of the sheriff to the scene of the homicide. With the consent of the defendant Detective Ray Starbird was appointed to show the premises to the jury. A deputy sheriff was sworn to take charge of the jury. In his sole custody, and accompanied only by the person appointed to show them the premises, the jury visited and viewed the scene of the crime. It is an undisputed fact, as shown by the record on the motion for a new trial, that neither the trial judge nor the defendant was present with the jury on this occasion. That record further shows that during the short interval of the jury's absence the trial judge and the attorneys for the defendant remained in the courtroom, and that the defendant, at his own request, was taken to the county jail for the purpose of procuring tobacco, where he remained

until the jury returned to the court room. The minutes of the trial court show that upon the jury's return further hearing of the case was continued to the following day, when the trial court, without further evidence or argument, proceeded to give its instructions upon the law of the case and then submitted the same to the jury. The record on the hearing of the motion for a new trial shows further and affirmatively that counsel for the defendant made no request that the trial judge or the defendant be present with the jury upon the view of the premises. No objection was made, either before or after the view, to the failure of the judge and defendant to accompany the jury. From all that was said and done at the time of and subsequent to the making of the order for the view of the premises, the inference is irresistible that all parties understood that neither the trial judge nor the defendant was to be present. At all events it clearly appears that counsel for the defendant knew that the trial judge and the defendant did not leave the courtroom with the jury; and if counsel were as watchful of the defendant's interests then as they were after he was convicted, they must have understood that the trial judge neither understood nor intended that either he or the defendant should be present with the jury during the time they were viewing the premises. Upon the return of the jury no objection was taken to the manner in which the view was had; and it was not then claimed nor afterward shown upon the hearing of the motion for a new trial that the absence of the trial judge resulted in prejudice to the defendant's case. On the contrary, it was affirmatively shown that in all matters the view of the premises was taken in the usual way and in an orderly manner, and that it was as effective and free from outside interference as if the trial judge had been present in person.

Under these circumstances it must be held that the defendant waived both his right and the trial judge's duty to be present at such view.

It is the law of this state that, in viewing the place at which an offense is charged to have been committed, the jury is receiving evidence; and the right of the defendant to be present, if he demands it, cannot be denied him without committing a serious irregularity. The defendant, however, may waive his right to be present with the jury upon a view of the prem-

ises; and if it can be fairly said that he did waive such right in the lower court, he will not be heard to complain here that he was wrongfully deprived of that privilege. (*People* v. *Tarm Poi,* 86 Cal. 225, [24 Pac. 998]; *People* v. *Tarbox,* 115 Cal. 57, [46 Pac. 896]; *People* v. *Bird,* 132 Cal. 261, [64 Pac. 259]; *People* v. *Fitzgerald,* 137 Cal. 546, [70 Pac. 554]; *People* v. *Mathews,* 139 Cal. 527, [73 Pac. 416]; *People* v. *White,* 5 Cal App. 329, [90 Pac. 471]; *State* v. *Louie Moon,* 20 Idaho, 202, [Ann. Cas. 1913A, 724, 117 Pac. 757]; *State* v. *Hartley,* 22 Nev. 342, [28 L. R. A. 33, 40 Pac. 372]; *State* v. *Lee Doon,* 7 Wash. 308, [34 Pac. 1103]; *State* v. *Ah Lee,* 8 Or. 214; *People* v. *Mortensen,* 26 Utah, 312, [73 Pac. 562].) The trial judge, as a matter of course, is an essential part of the court. Obviously there can be no court without the judge; and it is the sworn duty of the trial judge to be present at every stage of the trial, including a view of the premises. It has been held, however, in this and in other jurisdictions, that the duty of the trial judge to be present at a view of the premises may be waived by the defendant (*State* v. *Louie Moon,* 20 Idaho, 202, [Ann. Cas. 1913A, 724, 117 Pac. 757]; *People* v. *White,* 5 Cal. App. 329, [90 Pac. 471]; *Elias* v. *Territory,* 9 Ariz. 1, [11 Ann. Cas. 1153, 76 Pac. 605]). While that is no doubt the case, yet it is apparent that such duty can never be omitted, even with the consent of the defendant, without the likelihood of substantial harm resulting to the defendant, and thereby necessitating the reversal of any judgment which may be rendered against him. Fortunately, in the present case, nothing occurred during the view of the premises which in any wise tendered to injure the defendant, and a reading of the whole record discloses that he was fairly tried and justly convicted.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.