[Crim. No. 348.  Third Appellate District.—November 25, 1916.]

## THE PEOPLE, Respondent, v. JACK MURNAHAN, Appellant.

CRIMINAL LAW—INFORMATION—CHARGE OF DIFFERENT OFFENSES—ELECTION.—Under section 954 of the Penal Code, as amended in 1915, an information may charge different offenses of the same class, and the prosecution is not required to make an election upon the admission of evidence in support of the different offenses.

ID.—LEWD CONDUCT WITH CHILD—EVIDENCE—GIFTS TO PROSECUTRIX.—Upon a trial for lewd and lascivious conduct with a child of ten years, there is no error in refusing to strike out the testimony of the girl that she could not remember whether the defendant gave her candy or gum.

ID.— INSTRUCTION — CONSIDERATION OF TESTIMONY OF DEFENDANT. — Where in the prosecution for such an offense the jury is instructed that the interest of the defendant in the result of the action does not deprive him of the benefit of his own testimony, and that his testimony is entitled to full and fair consideration the same as that of any other witness, he is not prejudiced by the modification of an instruction proposed by him in striking therefrom the following: "The defendant has offered himself as a witness and has given testimony in this case and the jury are instructed that he is competent to testify as a witness and in considering his testimony you should be governed by the same rules that control you in weighing the testimony of other witnesses who have given testimony before you in this trial."

APPEAL from a judgment of the Superior Court of Lassen County.  H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

Grover C. Julian, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The appeal is from the judgment of conviction on three separate counts for lewd and lascivious conduct with a child of the age of ten years.

We find no merit whatever in the appeal. The evidence is ample to support the verdict. It is true it consists largely of the testimony of the girl herself, and we discover therein nothing incredible or improbable. We do not know of any legal objection to the action of the jury in accepting and basing their verdict upon the child's recital of the despicable treatment of her by appellant. We forbear to quote her statements as their publication would serve no useful purpose.

The people were not required to make an election. In fact, the information charged that three different offenses were committed at different times on the same day and the evidence supported the averments. The course pursued was justified by section 954 of the Penal Code as amended in 1915, [Stats. 1915, p. 744], providing that "the indictment or information may charge two or more different offenses connected together in their commission, . . . or two or more different offenses of the same class of crimes or offenses, under separate counts. . . . The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict." The election of which appellant speaks is required when one act is charged and evidence is admitted of two or more similar offenses. There was no occasion here for the invocation of such principle.

There was no error in the refusal of the court to strike out the testimony of the girl that "I can't remember whether he gave me candy or gum." She was attempting to relate all that occurred between her and appellant at the time of the commission of one of the offenses. Any donation by him would certainly be a significant circumstance tending to indicate appellant's ulterior purpose. The case of *People* v. *Mathews,* 139 Cal. 527, [73 Pac. 416], is entirely different. Therein the defendant was not permitted to show that he made gifts to his victim. The decision was really based upon the ground that it was not proper cross-examination. It was

also undoubtedly open to the objection of self-serving acts and declarations.

The only other point made by appellant not suggested by the foregoing consideration is that the court erred in modifying an instruction proposed by defendant. The modification consisted in striking out the following: ''The defendant has offered himself as a witness and has given testimony in this case, and the jury are instructed that he is competent to testify as a witness, and in considering his testimony you should be governed by the same rules that control you in weighing the testimony of other witnesses who have given testimony before you in this trial.'' But it is entirely manifest that this was covered by the following instruction given by the court: ''The interest of a defendant in the result of an action does not deprive him of the benefit of his own testimony. The law makes him a competent witness in his own behalf, and his testimony is entitled to full and fair consideration by you the same as that of any other witness. He is considered innocent until the prosecution establishes the contrary by convincing proof and beyond a reasonable doubt. His evidence is entitled to full credit when you believe that he has spoken the truth, and the evidence of such witness is sufficient proof of any fact to which you believe he has truthfully testified.'' There were other instructions to the same effect. Indeed, the jury were fully and correctly instructed as to every phase of the case, and there is no doubt the defendant had a fair and impartial trial.

We perceive no error and the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.