[Crim. No. 1567.   Third Appellate District.—July 19, 1937.]

THE PEOPLE, Respondent, v. JASPER GUARENO et al., Defendants; RAY O. WIDENER, Appellant.

John L. Brannely for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—The defendants herein were jointly charged in an information with the crime of robbery and burglary. Upon arraignment, defendant Guareno entered pleas of guilty to both counts, while the defendant and appellant Widener entered pleas of not guilty.

Widener was tried by a jury and found guilty on both counts. Thereafter he moved for a new trial, but his motion was denied. Judgment was thereupon pronounced, and from the order denying his motion for a new trial and from the final judgment of conviction he appeals, claiming that the evidence is insufficient to sustain the judgment in that there is no evidence that he did not have permission to enter the house and take the money, and secondly, that the court erred in refusing to grant a new trial on the ground that he was not present at all times during the course of the trial.

The evidence shows that on the evening of January 16, 1937, Mrs. Ketcherside and her husband left their home, the maid Shelia Puri remaining in charge. Prior to leaving, Mr. Ketcherside concealed about $70 in money in a wastebasket in the living room. Miss Puri, the maid, testified that shortly after Mr. and Mrs. Ketcherside had left she heard voices in the kitchen and shortly thereafter a masked man entered the room and demanded the money. After some questioning he turned, walked directly to the wastebasket, took out the money and left. This man proved to be defendant Guareno, who later confessed, implicating appellant. The money concealed in the wastebasket was entrusted to the keeping of the maid, and was taken from her without her consent and by means of force and fear.

Appellant Widener had rented a room from the Ketchersides near their store and residence and had been a frequent visitor at their home. He did not live in the same building as the Ketchersides' family nor did he have a key to the premises nor had he access to the home in the absence of the family.

It is true, as contended by appellant, that Mrs. Ketcherside, although called as a witness, did not directly testify that appellant was not authorized to take the money. There is, however, sufficient evidence in the record to justify the jury in finding such consent had not been given. There is no claim made that Mrs. Ketcherside was not the owner of the stolen property. It is also clear that the money was in

the possession and under the control of Mrs. Ketcherside through the maid, who was home at the time of the commission of the crime. The manner and circumstance of the entry of Guareno, the associate in crime of defendant, and his acts there, are sufficient to sustain the finding of the jury that he did not enter the room with the consent of the owner, but did so with the purpose of effecting robbery and burglary, in which appellant was a joint actor.

In the case of *People* v. *Hayes,* 72 Cal. App. 292 [237 Pac. 390], the court held in effect that it was not necessary to introduce direct testimony of an owner to the effect that he did not give the accused permission to enter and take the goods, but such lack of consent can be established, *prima facie,* by other evidence.

In *People* v. *Dal Porto,* recently decided in this court, and reported in 17 Cal. App. (2d) 755 [62 Pac. (2d) 1061], a statement was quoted from *Rossi* v. *United States,* 289 U. S. 89 [53 Sup. Ct. 532, 77 L. Ed. 1051], to the effect it was not incumbent upon the prosecution to introduce positive evidence to support a negative averment, the truth of which is fairly indicated by established circumstances which, if true, could be readily disproved by evidence in the possession of defendant.

In *People* v. *Cloud,* 100 Cal. App. 792 [281 Pac. 79], involving the larceny of a rug it was contended that it was essential for the prosecution to prove that the taking was without the consent of the owner of the property. The court there stated the rule to be as follows:

"It would seem but reasonable that where from the evidence introduced on the trial it is made to appear that the management, control and possession of the property in question has been entrusted by the owner to his agent and that such agent has not given his consent to the defendant that he take the property, a sufficient compliance with the requirements of the law is established."

It might be immaterial whether or not the appellant was authorized to enter the house of the owner in his absence, but it is material if he entered on the night in question with intent to commit a larceny or any felony therein, for that would be sufficient to establish his guilt. The fact that the man who entered wore a mask, that the telephone lines were cut and the intruder was armed, and upon leaving, warned the maid to keep quiet and stay inside, constituted acts, con-

duct and circumstance amply sufficient to justify the jury in inferring that the entry was made for the purpose of committing burglary and robbery. The evidence is ample, therefore, to support the verdict and judgment.

■ It is next urged as a ground for reversal, that the court should have granted a new trial on the ground that the defendant was not present during the entire trial.

Section 1043 of the Penal Code reads as follows:

"If the prosecution be for a felony, the defendant must be personally present at the trial . . . "

Section 1181 of the same code provides in part as follows:

"When a verdict has been rendered against the defendant, the court may, upon his application, grant a new trial, in the following cases only: 1. When the trial has been had in his absence, if the indictment is for a felony; . . . "

At the hearing of the motion for a new trial, evidence was submitted by the appellant to the effect that while the instructions were being read to the jury the appellant was seized with a coughing spell and indicated to the bailiff that he desired to leave the courtroom. The latter permitted him to go into the judge's chambers, which adjoin and are connected with the courtroom by a door, which at all times remained open and which was but a few feet from the judge's bench. Defendant went to the judge's chambers, entered the lavatory, and then returned into the courtroom. Appellant testified that he was absent from the courtroom perhaps five minutes. The bailiff and two other witnesses who were in the judge's chambers, testified the defendant was not absent from the courtroom more than a minute. Counsel for appellant stated that he was not aware that his client had left the courtroom until he saw him returning. The attention of the court was not called to the fact of his absence, and neither the trial judge nor the district attorney were aware of such absence until the matter was presented by appellant on his motion for a new trial.

Appellant contends that the sections of the Penal Code quoted above made it mandatory that a new trial be granted and that the court erred in denying his motion. In the first place, there is no evidence that the defendant, although out of sight of the judge and jury, was not at all times within close proximity to the courtroom and could hear everything that was said. Also, under the circumstances, there was no duty on him to except to any of the instructions being given

by the court in order to protect his rights. (Pen. Code, sec. 1176.)

In volume 100, American Law Reports, page 478, are collected cases from many jurisdictions discussing this question, and the statement is there made, which is amply supported by the cited authorities, that apart from any question of waiver, a mere temporary and voluntary absence of accused from the courtroom during his trial, even those involving a capital offense, does not afford ground for a new trial.

In 16 Corpus Juris, page 818, it was said: "A temporary absence from the courtroom for a short time, even in a capital case, has been held not to be such an invasion of defendant's substantial rights as to be grounds for a reversal or for a new trial."

In *People* v. *White,* 20 Cal. App. 156 [128 Pac. 417], the court said:

"It is the law of this state that, in viewing the place at which an offense is charged to have been committed, the jury is receiving evidence; and the right of the defendant to be present, if he demands it, cannot be denied him without committing a serious irregularity. The defendant, however, may waive his right to be present with the jury upon a view of the premises; and if it can be fairly said that he did waive such right in the lower court, he will not be heard to complain here that he was wrongfully deprived of that privilege."

In *People* v. *Matthews* (*People* v. *Edwards*), 139 Cal. 527 [73 Pac. 416], the court discusses at length the matter of waiver of the presence of the defendant, and holds that if the defendant voluntarily absents himself he cannot be heard to complain, stating it to be a dangerous rule to hold that the mere absence of the defendant of his own accord for a few minutes constitutes such error as to require the granting of a new trial. It would, in effect, allow the defendant to take advantage of his own wrong and misconduct, which is contrary to one of the maxims of the law.

From an examination of the entire record, there clearly appears ample evidence to sustain the verdict of conviction, and no prejudicial error is found that would justify a reversal.

The judgment and order should be affirmed, and it is so ordered.

Plummer, J., concurred.