[Crim. No. 556.   Fourth Dist.   Aug. 9, 1943.]

THE PEOPLE, Respondent, v. CHRISTINA MORALES, Appellant.

Edmond A. Chevalier and Lester N. Gonser for Appellant.

Robert W. Kenny, Attorney General, and Eugene M. Elson, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of manslaughter in connection with the death of her four-year old granddaughter. A jury found her guilty and she appeals from the judgment and from an order denying her motion for a new trial.

It is first contended that the evidence is insufficient to sustain the verdict. The story disclosed by the testimony in this case is a pathetic one and it would serve no useful purpose to set forth any of the details here. A very general reference to some of the facts brought out in the evidence will be sufficient. The little girl had been living with the appellant for some months, having been abandoned by her father and mother. Apparently, the appellant resented the presence of the child and certain extra work and attention required by the child, and it rather clearly appears that she developed a dislike for the little girl. The testimony of a number of witnesses shows a continued course of neglect, exposure and abuse over a period of more than three months preceding the death of the child. This included not only depriving the child of proper food and exposing her to the elements in very cold weather, but also repeated and frequent

whippings or beatings administered in a ruthless and brutal manner. The autopsy surgeon testified that the body of the little girl appeared to be undernourished, that both of the eyes had been blacked, that there were a number of abrasions and contusions on the arms and legs, and that there was an injury to the forehead which he thought had been caused by a single blow. He further testified that the cause of death was lobar pneumonia, that previous exposure and treatment had probably contributed to this but that the head injury "is the thing that precipitated it." There is evidence which justifies the inference that this child had been beaten by the appellant during the night preceding her death. While there is some conflict, the evidence, as a whole, clearly indicates that the death of this child resulted from a form of pneumonia which was directly caused by the appellant's treatment of the little girl and a blow she had inflicted upon her. A reading of the record compels the conclusion that the evidence is sufficient and ample to support the judgment.

■ Some contention is made that prejudicial error appears in that the jury was allowed to take three exhibits into the jury room without having made any request for them. In its instructions the court told the jury that it was entitled to take the exhibits if it so desired. While no such request was made the clerk of the court handed to the jury three exhibits, being two photographs of the dead body of the little girl and a leather strap with which, according to the evidence, the appellant had sometimes whipped the girl. Before the jury brought in its verdict counsel for the appellant called the matter to the attention of the court and the court offered to have the only remaining exhibit, which was a blackboard used during the trial, sent in so that all of the exhibits would be before the jury. Counsel for the appellant replied that it was unnecessary to do this. It is now contended that although the jury was entitled to take these exhibits it was error to permit this to be done without a specific request therefor from the jury. Assuming, but not holding, that any error appears no prejudice is shown and any possible error in this regard would not justify a reversal.

■ The main point raised is that the appellant is entitled to a new trial under sections 1043 and 1181 of the Penal Code because the instructions were reread to the jury in her absence. Insofar as material here section 1043 provides that "The defendant must be personally present at the trial," and

section 1181 provides that when a trial has been had in defendant's absence "the court may . . . grant a new trial." It appears from the record that the instructions were first read to the jury in the presence of the appellant and her counsel. When the jury went out the appellant was removed to the jail. During its deliberation the jury made a request that the court reread to it some of the instructions. The jury was returned to the court room and all of the instructions were again read to it, word for word, as they had been read in the first instance. No one noticed or thought of the fact that the appellant was not present. After the jury had returned to the jury room, and before they had reached a verdict, counsel for the appellant discovered that she had been absent from the court room during the second reading of the instructions, but this fact was not called to the attention of the court until after the jury had returned its verdict and had been discharged. The matter was presented on the motion for a new trial.

In *People* v. *Soto,* 65 Cal. 621 [4 P. 664], a similar thing occurred. However, in that case, the irregularity was discovered before the jury had reached a verdict and the instructions were again read to the jury in the presence of the defendant and the jury was further instructed to disregard what had taken place in the defendant's absence. In holding that any error had been cured the court there said: "It is manifest no injury could have been done defendant by reason of that which occurred while he was absent." In *People* v. *Guareno,* 22 Cal.App.2d 82 [70 P.2d 504], the defendant was seized with a coughing spell while the instructions were being read to the jury. He was permitted to go into the judge's chambers, which adjoined the court room, and thence into a lavatory. He returned to the court room within a few minutes and it was contended on appeal that his temporary absence required the granting of a new trial. The court referred to the fact that it did not affirmatively appear that the defendant was not within hearing at all times and then pointed out that it was unnecessary for the defendant to except to any of the instructions being given in order to protect his rights, and that the defendant might waive his statutory right to be present during the time in question. It was then held that no prejudice appeared and the judgment and order denying a new trial were affirmed. In *People* v. *White,* 20 Cal.App. 156 [128 P. 417], the jury was taken to view the premises

while the defendant remained in the court room. This point was raised on appeal. It was there stated that in viewing the premises the jury was receiving evidence, that the defendant had a right to be present which, if demanded, could not be denied him without committing a serious irregularity, that this right is one which could be waived, and that if it could fairly be said that he had waived this right he would not be heard to complain that he had wrongfully been deprived of it. Since no objection had been made either by the defendant or by his counsel who knew of the situation, and since no prejudice appeared, it was held that the right had been waived and the judgment was affirmed. In *People* v. *La Munion*, 64 Mich. 709 [31 N.W. 593], a part of the instructions were reread to the jury in the absence of the defendant and of his counsel. The court there said: ''We are unable to see in what manner the (defendant) could have been prejudiced by these proceedings.'' In *Hopt* v. *People of the Territory of Utah*, 110 U.S. 574 [4 S.Ct. 202, 28 L.Ed. 262], the requirement that a defendant ''be personally present at the trial'' is defined as requiring his presence ''at every stage of the trial when his substantial rights may be affected by the proceedings against him.''

While, unquestionably, such a defendant has a right to be present at all stages of his trial, the principle running through the cases just cited is that a mere technical violation of that right is not necessarily ground for reversing a judgment of conviction. In each case the determining question has been whether or not any prejudice to the substantial rights of the defendant appears. In two of the cases it was held that this right might be waived by the defendant under the circumstances and in one, *People* v. *White, supra,* it was held that the defendant's attorney could, and did, waive the right by failing to make any demand or objection when he knew that the defendant was not present.

These principles are especially applicable in view of the provision of section 4½ of article VI of our Constitution that a judgment shall not be set aside ''for any error as to any matter of procedure,'' unless it appears that the error has resulted in a miscarriage of justice.

Applying these rules here we are unable to hold that there was any possible prejudice to this appellant and we are not of the opinion that any miscarriage of justice has resulted. Not only was the evidence of guilt unusually convincing in this case, but it is inconceivable that the presence of the appel-

lant during the second reading of these instructions could have in any way or manner improved her position, or have had any practical effect upon her substantial rights or upon the verdict of the jury. It appears, without conflict, that this appellant did not understand a word of the English language and, so far as she is concerned, her presence could have contributed nothing other than a mere technical compliance with this rule of law. The instructions were reread exactly as they had been read before and nothing occurred which had not already occurred in the presence of the appellant. The error was entirely inadvertent and no one, including appellant's counsel, thought of the fact that she was absent. Her counsel discovered this fact before a verdict was reached but preferred not to inform the court of the irregularity. In the absence of a showing of prejudice, at least, neither a defendant nor his counsel should be permitted to thus speculate on the action of a jury. The error could easily have been corrected had it been called to the court's attention after it was discovered and, by not disclosing it, counsel should be held to have waived it. In any event, no prejudice appears and the constitutional provision, to which we have referred, is applicable.

The judgment and the order denying a new trial are affirmed.

Marks, J., and Griffin, J., concurred.