[Crim. No. 460.  Second Appellate District.—February 7, 1916.]

THE PEOPLE, Respondent, v. WILSON P. HARLAN, Appellant.

CRIMINAL LAW—SEXUAL OFFENSES—EVIDENCE—PROOF OF SIMILAR OFFENSES.—In cases involving sexual offenses, such as adultery, rape, and the commission of lewd and lascivious acts upon the body of a child, evidence of similar offenses committed between the parties, both prior and subsequent to that with which a defendant is charged, may, if not too remote, be introduced after the prosecution has selected some particular act of a date certain, and has elected to rely on proof of such act for a conviction of the defendant, and has introduced evidence tending to support the selection.

ID.—COMMISSION OF LEWD ACT UPON CHILD—SIMILAR OFFENSES—PREJUDICIAL ERROR.—In a prosecution for the commission of a

lewd and lascivious act upon the body of a girl twelve years of age, it is error to permit the state to offer evidence as to acts constituting a similar offense alleged to have been committed on a date subsequent to that alleged in the information, where there was not at the time of the introduction of such evidence any evidence whatever adduced tending to show the commission of the offense alleged in the information.

ID.—TIME OF ELECTION OF OFFENSES.—In a prosecution where the district attorney is at liberty to prove one of several different offenses under the indictment, he should, at least as early as the commencement of the trial, inform the defense upon proof of what specific offense he intends to rely, and if he does not, the first evidence which would tend in any degree to prove an offense shall be deemed a selection, and unless the precise offense is proven, the defendant is entitled to an acquittal.

ID.—EVIDENCE SHOWING COMMISSION OF OTHER OFFENSES—PURPOSE— ERRONEOUS INSTRUCTION.—An instruction advising the jury that other lewd and lascivious acts had been shown by the evidence to have been committed by the defendant, and that such evidence was introduced for the purpose of proving the illicit relations of the defendant with the prosecuting witness, is error.

APPEAL from a judgment of the Superior Court of Imperial County, and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

H. L. Welch, and Duke Stone, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was, by information filed charging him therewith, convicted of the offense defined in section 288 of the Penal Code and sentenced to prison for a term of five years.

He prosecutes this appeal from the judgment and order of court denying his motion for a new trial.

As stated in the information, the act constituting the crime occurred on April 3, 1915. As usual in such cases, the verdict is based upon the uncorroborated testimony of the prosecutrix, a girl twelve years of age, who was the step-daughter of defendant.

Notwithstanding defendant was charged with an alleged act committed on April 3d, the district attorney, as he might do, in presenting the case first proved the commission of a similar act claimed to have been committed on April 17th. After presenting in full detail the occurrences of April 17th, he then directed the attention of the witness to alleged acts of defendant constituting the same offense committed on April 3d; whereupon defendant's counsel demanded that the district attorney make an election as to which particular act (that committed on April 3d or that committed on April 17th) he relied upon for a conviction of defendant, to which the trial judge replied: "I don't consider that it is necessary to, under the information on file, make any election as to the different offenses, if more than one was committed there." Therefore, however, and after much colloquy between counsel and the court, all in the presence of the jury, the court made a ruling stating: "It will be necessary to proceed to prove the *corpus delicti* in regard to the alleged offense that occurred on the third day of April," but overruled defendant's motion to strike out all evidence as to the offense alleged to have been committed on April 17th, proof of which, as stated, had theretofore been made. The prosecution then proceeded to question the witness as to what occurred on April 3d, the answers to which tended to prove the commission of the crime alleged as of that date; and also offered evidence as to several other acts alleged to have been committed with her by defendant. After completing the examination of the prosecutrix, and with all this evidence as to the several offenses before the jury, the district attorney then stated that he elected to rely for the conviction of defendant upon the evidence touching the commission of the offense on April 3d. In cases involving sexual offenses, such as adultery, rape, and the offense with which defendant is charged, the law seems to be well settled that evidence of similar offenses committed between the parties, both prior and subsequent to that with which a defendant is charged, may, if not too remote, be introduced. But, as stated in *People* v. *Koller,* 142 Cal. 621, [76 Pac. 500], "they are never admissible as independent substantive offenses, upon any of which a conviction can be had, and evidence of them is only admissible *after* the prosecution has selected some particular act of a date certain, and *has elected* to rely on proof of such act for a conviction of the defendant, and

*has introduced evidence tending to support the selection."*
(Italics ours.)　Measured by this rule, it was clearly error for
the court to permit the prosecution to offer evidence as to acts
constituting a similar offense alleged to have been committed
on April 17th, as corroborating proof of the offense with
which defendant was charged as having committed on April
3d, there being at the time no evidence whatever adduced
tending to prove the commission of such last mentioned of-
fense; and hence it was likewise error for the court to deny
the motion made by defendant that such evidence be stricken
out. In *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323],
Justice Temple of the supreme court, in discussing a question
similar to that here involved, said: "I think the prosecuting
officer, when he commences the trial of a case of this class,
where he is at liberty to prove one of several different offenses
under the indictment, should, at least as early as the com-
mencement of the trial, inform the defense upon proof of
what specific offense he intends to rely, and if he does not,
the first evidence which would tend in any degree to prove an
offense shall be deemed a selection, and unless that precise
offense is proven, the defendant is entitled to an acquittal."
Applying this rule, the prosecution should be deemed to have
selected the act claimed, as shown by the prosecutrix, to have
been committed April 17th, as that upon which to rely for a
conviction of defendant.　However this may be, it was at least
but fair to the defendant, since the district attorney, notwith-
standing the date specified in the information, might have
selected either the alleged act committed on April 17th or that
committed on April 3d, in proof of both of which he offered
evidence, that the court should, at the stage of the proceedings
when demanded by defendant, have required the prosecution
to make an election between said acts.

The court stated to the jury in one of the instructions given,
that "evidence of other acts of lewd' and lascivious conduct
of the defendant toward ——, prior to and subsequent to the
acts relied upon for a conviction herein, have been shown in
evidence.　This evidence is introduced for the purpose of
proving the illicit relations of the defendant with ——, and
the lewd and lascivious disposition of the defendant, and his
proneness to commit a crime of the particular nature in-
volved."　The effect of the first part of this instruction was
for the court to invade the province of the jury by stating

that other lewd and lascivious acts *had been shown by the evidence to have been committed by defendant,* and this, notwithstanding the fact that her uncorroborated statements with reference thereto were denied by defendant. It was for the jury, not the court, to determine whether or not such alleged facts had been *shown* by the evidence. Moreover, the evidence was not introduced for the *purpose,* as stated, of proving illicit relations of the defendant with ——, but merely to show, if it did show, a disposition and tendency on his part to commit lascivious acts with the prosecutrix, thus rendering it probable that he had, on April 3d, committed the offense with which he was charged, and for no other purpose. (*People* v. *Mathews,* 139 Cal. 527, [73 Pac. 416].) While these errors may be technical, nevertheless, considering the entire evidence, together with the fact that at least a part of the uncorroborated story of the prosecutrix seems incredible, we are of the opinion that they are not mitigated by section 4½ of article VI of the constitution.

The judgment and order are, therefore, reversed.

Conrey, P. J., and James, J., concurred.