[Crim. No. 541. Second Appellate District.—September 5, 1917.]

THE PEOPLE, Respondent, v. JOE GASSER, Appellant.

CRIMINAL LAW—COMMISSION OF LEWD ACT WITH CHILD—EVIDENCE—
    COMPETENCY OF PROSECUTRIX.—In a prosecution under section 288
    of the Penal Code for committing the lewd and lascivious act with
    a female child of the age of seven years, it is for the trial court to
    determine whether the child was competent to testify, and where,
    before objection, she responded to questions with apparent under-

standing and intelligence, it cannot be said that anything was shown tending to establish her incompetency.

ID.—INCOMPETENCY OF WITNESS—BURDEN OF PROOF.—In such a prosecution, the burden of showing the incompetency of the prosecuting witness is upon the defendant.

ID.—TRIAL—EXCLUSION OF WITNESSES—DISCRETION.—The exclusion of witnesses not under examination during a criminal trial is within the discretion of the trial court.

ID.—INSTRUCTION—EFFECT OF PROOF OF OTHER OFFENSES.—An instruction that testimony had been introduced tending to prove other lewd acts than those relied upon for conviction, for the purpose of proving the lewd and lascivious disposition of the defendant and his tendency to commit such acts, and not to prove distinct offenses, is not erroneous.

APPEAL from a judgment of the Superior Court of Imperial County, and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Joseph F. Seymour, Jr., for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was convicted of the crime defined in section 288 of the Penal Code. It was alleged that he committed the lewd and lascivious act with a female child. The little girl was seven years of age at the time of the commission of the alleged offense. She resided in the county of Imperial with her mother. There was testimony given by more than one witness which furnished strong evidence in proof of the charge made in the information. Defendant's appeal is taken from a judgment of imprisonment and an order denying his motion for a new trial. In view of the strong character of the evidence introduced against the appellant, it is plain that upon the facts no miscarriage of justice has resulted. The errors complained of must be viewed in the light of that condition which the record shows. We will not attempt to discuss in detail the many objections presented in the seventy-six page brief of the appellant, but will consider only those which present questions fairly debatable.

The evidence of statements made by the girl to her mother after the commission of the alleged offense was not improperly admitted. After several objections had been made, the district attorney remarked that he would be very glad to ask the witness what the child had said, but he added: "I think we are only permitted to show the general character of the complaint. I am willing to ask her exactly what the little girl told her, if counsel wants me to. I might try it that way." The district attorney then asked directly what the little girl had said, and the answer was made (and no objection interposed thereto) that she had told the witness that "Joe had played naughty with her." The gist of the statements made by the prosecutrix was given by the witness in answer to questions to which no proper objection was made. Counsel's complaint that such testimony was improperly admitted is therefore not well taken.

Further contention is made by the appellant that the court should not have received the testimony of the prosecutrix who was at the time but seven years of age. After the witness had answered preliminary questions as to her name, age, place of residence, and her acquaintance with several persons named, appellant's counsel objected on the ground that the witness was not shown to be competent. The court overruled the objection. Children under ten years of age are not incompetent witnesses unless they appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly. (Code Civ. Proc., sec. 1880, subd. 2.) It was for the trial judge to determine as to whether the witness who appeared before him was competent to testify. Before objection was made, she had responded to questions of the district attorney with apparent understanding and intelligence, and it cannot be said that, where the trial judge was observing the witness and listening to her manner of testifying, anything was shown which would tend to establish the incompetency of the infant to truly testify. (*People* v. *Dunlop*, 27 Cal. App. 464, [150 Pac. 389].) The burden of showing the incompetency of the child as a witness rested upon the defendant. (*People* v. *Holloway*, 28 Cal. App. 218, [151 Pac. 975].)

On cross-examination of the mother of the prosecutrix the witness was interrogated at some length as to the date of the commission of the alleged offense, and the court finally, sus-

taining objection to a question, remarked: "I sustain the objection. She has given the date three or four times." We do not think that this remark of the trial judge was prejudicially erroneous as indicating to the jury that the judge considered that sufficient proof had been made of any essential matter involved. The witness had fixed a date in her testimony theretofore given and the remark of the court only indicated that fact which must have been already very apparent to the jury. The record does not show that counsel made specific objection or exception to the remark of the court. He is therefore not in a position to insist upon his objection here. (*People* v. *MacDonald,* 167 Cal. 545, [140 Pac. 256].)

It was within the discretion of the trial court to refuse to exclude the witnesses not under examination, during the trial. (*People* v. *McCarty,* 117 Cal. 65, [48 Pac. 984]; *People* v. *Nunley,* 142 Cal. 441, [76 Pac. 45].)

It is next asserted that the court erred in the giving of this instruction: "The prosecution has selected acts testified to by the witnesses as having been committed by the defendant on August 16, 1916, and has elected to rely on proof of such acts for a conviction in this case. Testimony has been introduced by the prosecution tending to prove other acts of lewd and lascivious conduct of the defendant toward Alice Burcki, prior to the acts relied upon for conviction. This evidence is introduced for the purpose of proving the lewd and lascivious disposition and tendency of the defendant to commit lewd and lascivious acts. This evidence is not introduced to prove distinct offenses, but corroborative evidence tending to support the one specific offense for which the defendant is being tried." It is claimed that this instruction is similar to one given in *People* v. *Harlan,* 29 Cal. App. 603, [156 Pac. 980], and which was held to be erroneous. The parallel does not exist. The instruction in the Harlan case advised the jury that evidence of other offenses was introduced "for the purpose of proving the illicit relations of the defendant" with the prosecutrix. That instruction was further declared erroneous, in that it in effect advised the jury that complete proof had been made of such other acts. The instruction here given does not agree with the instruction given in *People* v. *Harlan,* for the court here told the jury only that testimony tending to prove such other acts was competent for the purpose of proving the lewd and lascivious

disposition of the defendant, and was corroborative evidence merely to that extent.

We think that none of the other contentions made by appellant for reversal are deserving of specific discussion. We have examined all of them and are satisfied that the defendant was justly convicted upon ample proof.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.