[Crim. No. 566. Second Appellate District.—January 31, 1918.]

THE PEOPLE, Respondent, v. JIM ELGAR, Appellant.

CRIMINAL LAW—RAPE—EVIDENCE—SUBSEQUENT ACTS.—In a prosecution for rape, evidence of the commission of an act committed subsequent to the act selected as the basis of prosecution was admissible to show the lascivious disposition of the defendant toward the prosecuting witness, and the consequent probability of the commission of the selected act.

ID.—OTHER ACTS OF SEXUAL INTERCOURSE—ERRONEOUS INSTRUCTION.—Where in a prosecution for rape there was evidence tending to show the commission of two acts upon different dates, and the information charged the commission of the earlier act and the district attorney selected such act as the one upon which he asked for a conviction, an instruction that it was not incumbent upon the prosecution to prove the exact time and place when the offense, for which the defendant was being tried, occurred, it being sufficient if the prosecution established the commission of the crime, beyond a reasonable doubt, at any time within three years prior to the filing of the information, was erroneous, although the court also instructed the jury that if they believed the defendant on or about the date charged did accomplish an act of sexual intercourse with the prosecuting witness, they should find him guilty as charged.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

T. A. Wells, S. M. Johnstone, and M. C. Atchison, for Appellant.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy Attorney-General, and Robert B. Camarillo, for Respondent.

WORKS, J., *pro tem.*—The appellant was convicted of the crime of rape and was sentenced to not less than fifty years in the state prison. The appeal is from the judgment and from an order denying a motion for a new trial.

There is evidence in the record which tends to show that the appellant committed two acts of rape upon the prosecuting witness, one about May 6th, the other about May 14th,

both in 1917. The information charges that the act was committed on or about the sixth day of May, 1917, and the district attorney told the jury, near the commencement of the trial, that he selected the act of May 6th, or thereabouts, as the one upon which he would ask for a conviction. This statement was made in connection with a remark of the court showing the reason for the admission of evidence as to the act of May 14th. Evidence of that act was of course admissible to show the lascivious disposition of the appellant toward the prosecuting witness, and the consequent probability of the commission of the act of May 6th (*People* v. *Koller*, 142 Cal. 621, [76 Pac. 500]); but the court instructed the jury that "it is not incumbent upon the prosecution to prove the exact time and place when the offense, for which the defendant is being tried, occurred; it is sufficient if the prosecution established the commission of said crime, beyond a reasonable doubt, at any time within three years prior to the filing of the information in this case, which information was filed in this court on the 8th day of August, 1917." This instruction was erroneous. Its subject matter comes directly within the strictures passed upon a similar instruction in *People* v. *Williams*, 133 Cal. 165, 168, [65 Pac. 323, 324] (and see, also, *People* v. *Harlan*, 29 Cal. App. 600, [156 Pac. 980]), although in that case there was evidence of many illicit acts: "A verdict of guilty could have been rendered under such an instruction, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge, as to any one of these separate offenses. Even worse than that was possible. As to every specific offense which there was an attempt to prove, and which could be met by proof, the defendant may have established his defense, and yet upon the general evidence of continuous crime, which, in the nature of things, he could only meet by his personal denial, he may have been convicted. And how could he defend when he was not informed as to what particular offense, out of hundreds testified to by the prosecutrix, he was to be tried? . . . In this case, as well as in any other, the prosecution must charge a specific offense, and the conviction, if one is had, must depend upon the proof of that offense alone. Other incidents are important only as tending to prove the *one* specific offense for the alleged commission of which defendant is on trial."

It is true that in this case the court told the jury, in another instruction, "if you believe . . . that the said Jim Elgar, on or about the sixth day of May, 1917, . . . did willfully, unlawfully and feloniously have and accomplish an act of sexual intercourse with and upon the person of one Clementina Elgar, . . . you should find him guilty as charged in the information." That, however, does not materially help the situation. The mention of May 6th in the instruction just quoted did not eliminate the damage done by the other instruction, in which the jury was plainly told, without mention of dates, however, that they might convict appellant of the commission of the crime charged to have been committed on May 6th if they believed from the evidence that he had committed one on either May 6th or May 14th.

There are other errors shown by the record, but as they pertain to questions which are not likely to come before the court on a new trial we do not deem it necessary specifically to mention them.

The judgment and order are reversed and the cause remanded.

Conrey, P. J., and James, J., concurred.