[Crim. No. 730.   Second Appellate District, Division One.—July 28, 1920.]

## THE PEOPLE, Respondent, v. ANASTACIO RUIZ, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—SEPARATE ACTS COMMITTED ON SAME DAY—FAILURE OF ELECTION BY DISTRICT ATTORNEY—ABSENCE OF PROPER INSTRUCTION—PREJUDICIAL ERROR.—In a prosecution for the crime of assault with intent to commit rape, it is prejudicial error to permit the district attorney to prove several distinct and separate acts of the defendant committed on the same day, either one of which might have been included within the charge made by the indictment, and to fail in the instructions to the jury to point out the particular act of those shown as being the one at which the charge in the indictment was directed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

Kendrick & Kendrick for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

JAMES, J.—Defendant was convicted of the crime of assault with intent to commit rape and appeals from the judgment of imprisonment entered against him, and from an order denying his motion for a new trial.

The information charged an attempt by force to commit the crime against a female person not the wife of the defendant. The evidence showed that the prosecutrix was a child of the age of eleven years, but as the district attorney elected to rely upon the charge of a forcible attempt, without alleging the age of the prosecutrix, the element of force was a material ingredient to be established by the evidence. Leaving out of consideration the substantial error which was committed to the defendants' prejudice in the course of the trial, it might be said that the evidence was sufficient to sustain a conviction. [1] The error to which we refer is that the district attorney was permitted to prove several distinct and separate acts of the defendant committed on the same day, either one of which might have been included within the charge made by the indictment. After the first alleged act was shown, defendant demanded that the district attorney select the particular act upon which he relied, which the district attorney did not do, and the court failed in its instructions to point out the particular act of the three shown as being the one at which the charge in the indictment was directed. The testimony of the prosecutrix was that she, at the invitation of defendant and with the consent of her father, accompanied defendant on a ride in his buggy; that her young brother also made one of the party; that defendant required the young brother to get out of the buggy, and drove some distance away; that he observed that the brother was looking after the buggy, and continued to drive for five or ten minutes, when he stopped, took the prosecutrix in his arms

from the buggy, placed her upon the ground and unfastened her clothing; that the young brother then approached and announced that he was going to tell the father of the prosecutrix, upon which the defendant got up, took the prosecutrix with him and drove five or ten minutes farther; that he then stopped and took the prosecutrix out of the buggy and placed her on the ground again. It was at this point in the narrative that the defendant objected to the proof of any further occurrences, and asked that the district attorney be required to elect as to which attempt he relied upon under the charge made. After some discussion, at the end of which the district attorney declined to make an election other than to say that he did not rely upon the particular occurrence then being shown and to insist that he had the right to prove all of the occurrences as part of the "*res gestae*," the prosecutrix was allowed to proceed with her testimony, which was to the effect that substantially the same acts were repeated by the defendant as had been committed at the prior occurrence. The prosecutrix proceeded to testify that the two again got into the buggy and drove for another space of five or ten minutes, and that the defendant again took her out of the buggy and placed her upon the ground, lifting her clothing, which acts were all that she remembered that he performed upon this last occasion. The court gave only one instruction touching the matter of the proof of other acts than that intended to be charged, telling the jury that evidence of other assaults or efforts to have sexual intercourse on the part of the defendant and of improper familiarity was receivable to prove the adulterous disposition of the defendant, *et cetera,* and as having a tendency to render it more probable "that the assault with intent to commit rape charged and relied on in the information was committed at the time and place charged . . . and for no other purpose." The several and distinct acts of the defendant were all committed on the same day and might each have referred to the charge contained in the indictment. The instruction of the court was valueless as indicating to the jury which particular attempt it was required to determine had been sufficiently made out. What is said in *People* v. *Williams*, 133 Cal. 165, [65 Pac. 323], is particularly applicable here. The court declares: "Each of these acts was a separate offense, and the defendant could be tried for either, and separately for each

of them. The jury were not even told that they must all agree that some specifically described act had been performed. A verdict of guilty could have been rendered under such an instruction, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge, as to any one of these separate offenses.'' In *People* v. *Castro,* in the same reports and volume (133 Cal.), at page 11, [65 Pac. 13], the court was considering the matter of the requirement that prosecuting officers shall elect which of several acts they propose to rely upon, and said: ''And even conceding that the failure to make such election at that time did not constitute error because of the want of demand upon the part of the defendant to make the election, still, when the case went to the jury, the court, in some form, should have directed their minds to the particular act of intercourse which it was incumbent upon the state to establish by the evidence, before a verdict of guilty could be returned against the defendant.'' There is nothing in the decision in the case of *People* v. *Simon,* 21 Cal. App. 88, [131 Pac. 102] which at all aids the case of the respondent here upon this point, for that was a case where the different acts were all a part of one main transaction which eventuated in the accomplishment of the single crime charged.

Other errors assigned by appellant do not call for extended discussion: It was sufficiently shown by the evidence that the acts alleged to have been committed were committed in the county of Los Angeles, and it was fairly shown by the circumstances in evidence that, even though there was no express assertion to that effect given by any witness, the prosecutrix was not the wife of the defendant. The error which we have first given attention to, however, was substantial; it must be said that because of it the defendant was deprived of a fair trial and that its effect in this case is to produce a miscarriage of justice.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.