[Crim. No. 713.   Fourth Dist.   Jan. 17, 1949.]

THE PEOPLE, Respondent, v. CHARLES R. LaMANTAIN, Appellant.

Clarence Harden and Crandall Condra for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged with and convicted by a jury of committing lewd and lascivious acts on the body of a child of the age of 7 years, on or about March 2, 1948. During the opening statement to the jury the prosecuting attorney remarked that defendant committed the offense on two different occasions. He described the first alleged offense and then added that "the second incident was very similar in character." Counsel for defendant requested the district attorney to then and there elect or indicate upon which incident the accusation was predicated. No error was committed by the trial court in not ordering the prosecuting attorney to elect at that particular time. (*People* v. *Bartnett,* 15 Cal.App. 89, 93 [113 P. 879].) At the close of his statement the court requested the district attorney to elect

and proceed under the elected date, i. e., "on or about the first of March." It is claimed that the defendant, as well as the jury, was not informed as to whether that meant the first claimed offense or the second one. The testimony of the prosecution showed that the first claimed offense occurred on a Friday in February, and the prosecuting witness testified fully as to that claimed offense. The second one was on the following Tuesday, in the month of February, about which she subsequently testified. During the course of the trial counsel for defendant stated he did not know which claimed offense the prosecution were electing. He then remarked that since the prosecution did not elect, he thought that the offense on which they offered the first proof constituted an election. Such is the holding in *People* v. *Martinez*, 57 Cal.App. 771, 774 [208 P. 170]. It therefore seems clear that counsel for defendant proceeded on this theory and was not misled in any way. The trial court instructed the jury, at defendant's request, that the offense charged is the claimed offense upon which evidence was first introduced. From the instruction given, the argument of counsel and the manner in which the evidence was presented, it is clearly shown that the offense first related was the one the jury was called upon to determine. (*People* v. *Scott*, 24 Cal.App. 440, 445 [141 P. 945].) No prejudicial error appears in this respect.

It is next argued that it was prejudicial error to admit testimony of the prosecutrix as to another alleged offense other than the one charged and to instruct the jury that this evidence was to be considered to show a lewd and lascivious disposition on defendant's part towards the prosecutrix. Such evidence was admissible for such purpose. (*People* v. *Gasser*, 34 Cal.App. 541 [168 P. 157]; *People* v. *Wilhite*, 49 Cal.App. 246 [193 P. 151]; *People* v. *Harrison*, 46 Cal.App.2d 779 [117 P.2d 19]; *People* v. *Owen*, 68 Cal.App.2d 617 [157 P.2d 432]; *People* v. *Troutman*, 187 Cal. 313 [201 P. 928]; *People* v. *Koller*, 142 Cal. 621 [76 P. 500]; *People* v. *Harlan*, 29 Cal. App. 600 [156 P. 980].)

In this connection it is also argued by defendant, relying upon such cases as *People* v. *Vaughan*, 131 Cal.App. 265 [21 P.2d 438]; *People* v. *Bell*, 96 Cal.App. 503 [274 P. 393]; *People* v. *Haugh*, 90 Cal.App. 354 [265 P. 891]; and *People* v. *Smittcamp*, 70 Cal.App.2d 741 [161 P.2d 983], that there was no corroboration of the testimony of the prosecutrix as to either act; that therefore, the instruction given as to the purpose of proving other distinct offenses was erroneous.

It is clearly held in *People v. Raich,* 26 Cal.App. 286 [146 P. 907], and *People v. Lucas,* 16 Cal.2d 178, 181 [105 P.2d 102, 130 A.L.R. 1485], that the testimony of the prosecutrix, in this type of case, need not be corroborated. (See, also, *People v. Mathews,* 139 Cal. 527 [73 P. 416]; and *People v. Troutman, supra.*) ■ The instruction given recites:

"Although evidence was offered for the purpose of showing that on more than one occasion the defendant committed lewd or lascivious acts upon or with the body of Nancy Jane Spohn, you are not permitted to deliver a verdict of guilt in this case unless you find that the defendant committed the specific offense which, the prosecution alleges was committed on or about March 2, 1948. That alleged offense and no other is the one of which the defendant now stands accused under the information. You may not, for the purpose of finding against the defendant distinct offenses or continued criminality, consider any evidence which tends to show other instances of lewd or lascivious conduct by the defendant with said child, but you may consider such evidence as tending to show, if you decide that it does tend to show, a lewd and lascivious disposition on his part toward said child and hence as bearing on the question of intent and inclination at the time of the alleged specific crime, in respect to the charge of which your verdict must be given. As to such limited purpose for which such evidence may be considered, you will weigh it as you do all other."

This instruction is taken from California Jury Instructions Criminal, page 432, Criminal Instruction No. 525, and is much more limited in scope than those criticized in the cases cited by defendant. It does not tell the jury that if it found that a similar offense did take place, it would be more probable that the specified offense took place, as did the instruction criticized in *People v. Smittcamp, supra,* nor did it use the language, found in many cases, that such evidence may be taken by the jury as *corroborative* evidence of the specific offense charged. The instruction specifically told the jury that it could not deliver a verdict of guilty unless it found that defendant committed the specific offense charged despite evidence of other acts, and that evidence of such other acts could only be considered by them for the limited purposes set forth. No error can be predicated on the giving of this instruction.

There was some corroboration of plaintiff's testimony. She related two occasions when she entered defendant's home with

his child to pick up some dolls. She testified that defendant was sitting in a chair in the living room; that she was looking at a fish bowl in that room and defendant called her over to him and committed the act; that on the second occasion defendant's daughter went into the bedroom to get her dishes to show them to the prosecutrix and that defendant again committed a similar act; that defendant told her not to tell but that on March 7th, she did tell her mother and the mother testified to that fact and that she immediately called the police.

Defendant denied any indecent acts committed with the child and stated that she had not been in his house for the past six months. He told the arresting officer, however, that she might have seen him at one time when he exposed himself while coming out of the bathroom. Defendant was home on sick leave on February 25th. The evidence shows that the prosecutrix was familiar with the interior arrangement of defendant's home; that defendant's daughter did receive a set of dishes for Christmas. All of these circumstances, together with the fact that the prosecuting witness made complaint to her mother, is some corroborative evidence. (*People* v. *Huston*, 21 Cal.2d 690, 694 [134 P.2d 758]; *People* v. *Hubbell*, 54 Cal.App.2d 49, 63 [128 P.2d 579].)

The next complaint is that the court erred in admitting evidence that the prosecutrix related to her mother about the alleged crimes several days after they supposedly happened, and further in failing to instruct the jury that delay in making complaint may be considered to determine whether an offense was actually committed.

The prosecutrix testified that several days intervened between the two acts and that she did not mention them to her mother until March 7th. ■ The fact that the child involved did make a complaint to another of the outrage is admissible as corroboration of the testimony of the prosecutrix when made promptly or after excusable delay. (*People* v. *Hubbell, supra*; *People* v. *Lambert*, 120 Cal. 170 [52 P. 307].)

■ Defendant requested and the court refused an instruction that "While it is admissible for the prosecution to introduce evidence to establish that the prosecuting witness made complaint of the alleged offense, delay in making such complaint is a circumstance which should be taken into consideration by the jury on the question of whether any offense was in fact committed." It cannot be said, as a matter of law in this case, that the complaint was in fact inexcusably delayed.

It is obvious from the testimony of the 7-year-old prosecutrix that she was unaware of the moral turpitude involved in the acts of the defendant. The complaint came upon her mother's statement to her that little girls should be "dainty," which statement was made to her while bathing, and it perhaps may have been that it was the first time she may have felt that what was done by defendant was not quite right.

There was added testimony that she was told by defendant on each occasion not to tell anybody. The evidence was clearly admissible under the circumstances related. The Hubbell case, relied upon by defendant, involved a 14-year-old boy and the complaint was made almost 10 months after the commission of the first offense and one month from the commission of the second offense. The Lambert case involved a 17-year-old girl who complained against her father to her sister over two months after the episode took place. These cases are clearly distinguishable.

While the trial court might have given a properly worded abstract instruction on the subject of inexcusable delay in making a complaint, the proffered instruction was too limited to be applicable to the facts in the instant case. It did not cover the question of excusable delay and it might be construed as advising the jury that there was in fact a delay in the making of the complaint. It should also be noted that in *People* v. *Healey,* 52 Cal.App. 563, 564 [199 P. 551], it was stated that the failure to make an outcry immediately after the commission of the act goes only to the question of the *credibility* of the prosecutrix. (See, also, *People* v. *Dutton,* 62 Cal. App.2d 862 [145 P.2d 676].)

In view of the other instructions given on the subject of the credibility of witnesses and the giving of a "cautionary instruction" (sex offenses involving minors), no prejudicial error resulted.

Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.