[Crim. No. 4172. Fifth Dist. Jan. 13, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD LEE LANEY, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Kathleen Kahn, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Jane Kirkland Fischer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HOPPER, Acting P. J.**—Appellant (Laney), convicted after court trial of two acts of forcible oral copulation, appeals contending (in addition to seeking good-time/work-time credits) that his motions to dismiss the indictment because of asserted error in the grand jury proceedings should have been granted.

The sordid factual details need not be set forth in full. A summary of the facts shows the case arises out of sexual activities taking place in the Stanislaus County jail. One Donny F., out of fear, was the unwilling victim of acts by three of his cellmates, Laney, Rick Madden (Madden) and James Vernacchio (Vernacchio). The acts of Laney testified to by Donny F. consisted of two acts of oral copulation. Another cellmate testified that he saw Laney force Donny F. to perform an act of oral copulation. One of the others committed an act of sodomy on Donny F.

Laney moved to dismiss the indictment by the grand jury under Penal Code sections 995 and 939.7. No writ was sought or obtained after the motions were denied. Laney merely went to trial and was convicted.

Laney contends that (1) the prosecution failed to notify the grand jury of evidence exonerating Laney, (2) it was error to compel Laney to claim his privilege against self-incrimination in the presence of the grand jury, and (3) he is entitled to good-time/work-time credits. We discuss each contention in order.

■ Laney argued below that the indictment should be dismissed because the prosecutor failed to present evidence which would tend to negate his guilt by impeaching the credibility of Donny F. In his motion to dismiss appellant attached as exhibit A an investigatory report by Officer Henderson. In that report Henderson states that he talked to a Dr. Thorp and Dr. Thorp advised Henderson that a rectal examination of Donny F. showed "no evidence of trauma and no blood on a digital examination." In arguing the motion to dismiss Laney's counsel referred to a second exhibit which was also a police report prepared by Henderson. In that police report Donny F. assertedly told Henderson that the act of sodomy hurt so bad he screamed or almost screamed. This second exhibit is not in the record before us. Laney's argument is that if the act of sodomy took place as Donny F. said, it is probable the medical report would have indicated trauma. Laney concludes that therefore Donny F.'s testimony is suspect and the grand jury should have been informed of the existence of these police reports so that it could properly weigh Donny F.'s testimony.

Penal Code section 939.7, as construed by *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248 [124 Cal.Rptr. 32, 539 P.2d 792], requires a prosecutor to present exculpatory evidence to a grand jury. Failure to do so allows a defendant to seek dismissal of the indictment and a writ of prohibition against proceeding to trial. (*Johnson* v. *Superior Court, supra,* 15 Cal.3d at p. 255.) Laney did not seek or procure a writ of prohibition.

Laney, Madden, and Vernacchio were all subpoenaed to testify before the grand jury. All three were read the following admonition: "You have a right to be sworn and make any statements on your own behalf that you may desire. You are informed however that if you are sworn and make any statement, such statement together with any questions

that may be asked of you by members of the Grand Jury or the District Attorney will be taken down and become a matter of record and in the event of an indictment is filed against you on this charge that record may be used either for or against you at the time of your trial. You are not obligated however to make any statement whatever unless you desire to do so. Any statement that you make must be completely voluntary on your part. And with this admonition in mind now having been informed as to your rights in the premises, do you desire to be sworn and make any statements?"

Laney said he had not yet had a chance to confer with counsel. The prosecutor said, "Then we won't have you sworn. You are excused." Vernacchio was also not sworn because he had not had a chance to confer with counsel. Madden stated he did not want to be sworn. This took place in the presence of the grand jury.

Laney contends this procedure created prejudicial error because it was an indirect comment on his privilege against self-incrimination (citing *Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]). The motion to dismiss under Penal Code section 995 was based on this asserted error.[1]

We conclude and hold that the rule announced in *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941], with regard to irregularities in preliminary examination procedures applies also to grand jury proceedings. Consequently the irregularities, if any there be, require reversal only if an accused can show he was deprived of a fair trial or otherwise suffered prejudice. Relief without showing of prejudice is limited to pretrial challenges. Laney made no pretrial challenge after the motion was denied in the trial court. There is no showing of prejudice. The allegedly exculpatory evidence set out above was not pursued or brought out at trial. The trial was fair and Laney makes no assertion of error concerning the trial.

Consequently, assuming without deciding the matter, that Laney's assignments of error relating to the grand jury indictment have merit, such errors do not require reversal.

---

[1]In addition to the exculpatory evidence theory *Johnson* can be read to support Laney's theory that *Griffin* error may exist in a grand jury proceeding (*Johnson* v. *Superior Court, supra*, 15 Cal.3d 248, 253).

Even if Laney's contentions did not fail because they relate to pretrial defects and no petition for a writ was filed, the contentions have no merit.

■ The *Griffin* error claim fails because the prosecutor never commented on Laney's failure to testify. Assuming this procedure qualifies as a comment, the comment contains no suggestion whatsoever about making an inference of guilt. Any error was harmless (*People* v. *Jackson* (1980) 28 Cal.3d 264, 305 [168 Cal.Rptr. 603, 618 P.2d 149]).

■ The claim of *Johnson* error is also without merit. The statements to the police investigator do not truly and clearly impeach Donny F.'s testimony that he submitted to sexual acts out of fear of force and violence. The fact that a medical examination disclosed no trauma does not mean the acts of sodomy did not take place. It would be speculation on our part to conclude that trauma necessarily or even probably occurs if an act of sodomy is painful. ■ The evidence is simply not of the nature that it may be said it reasonably tends to negate guilt. ■ It is not reasonable to expect that this evidence would have affected the grand jury's decision to indict: the evidence was only marginally relevant as impeachment of Donny F. The prosecution did not have a duty to present the grand jury with the evidence contained in the police report. There was no error.

We have been informed by Laney's counsel that Laney has been released from custody. Because he has been released, his contention regarding good-time/work-time credits for presentence custody has become moot.

The judgment is affirmed.

Zenovich, J., and Stone (W. A.), J.,* concurred

---

*Assigned by the Chairperson of the Judicial Council.